GROSSGLAUS, Appellee, *v.* Board of Elections of Stark County; France, Appellant.

(No. 2329—Decided January 31, 1949.)

*Messrs. Burt, Carson, Lynch & Vogelgesang,* **for** appellee.

*Mr. Ian Bruce Hart, Mr. William L. Hart, Jr.,* **and** *Mr. L. Darrell Ake,* for appellant.

Montgomery, J. There is presented to us a motion to dismiss the appeal on the ground that the matter involved is now a moot question. We are now passing upon this motion and upon no other phase of this lawsuit.

The appellee, Harry W. Grossglaus, instituted an action in the Court of Common Pleas of Stark County against the board of elections of that county and Richard R. France, and, issues having been made, the cause was tried and the court granted a permanent injunction restraining the Board of Elections of Stark County from conducting a recount of votes cast at the election in November 1948 for sheriff of that county.

The board of elections did not appeal. The appeal was by Richard R. France. It is to this appeal that this motion is directed.

In support of the motion it is contended that the question has become moot, because, subsequent to the judgment of the Court of Common Pleas, pursuant thereto and based thereon, the board of elections proceeded to issue a certificate of election as sheriff of Stark county, to Harry W. Grossglaus, and to certify the result of the election to the Secretary of the State of Ohio.

It is argued, in effect, that the whole thing being now a *fait accompli*, no order could now be issued from a court affecting the result.

The leading case on the matter of moot question is, of course, *Miner* v. *Witt, Clerk*, 82 Ohio St., 237, 92 N. E., 21, the syllabus of which is:

"It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error."

It is urged by the appellee further that no order could be made now which would attack the certification to the Secretary of State.

Counsel on both sides stress the case of *State, ex rel. Shriver, County Engineer,* v. *Hayes,* 148 Ohio St., 681, 76 N. E. (2d), 869, paragraph one of the syllabus of which is:

"A certificate of election is conclusive as to the result of an election until set aside or vacated in some manner authorized by law, and is not subject to collateral attack; and, although not conclusive when directly attacked, such certificate is prima facie evidence of the matters therein certified."

So far as that case is applicable to the matter now before us, it seems to us that the pertinent part of the holding is that the certificate is "prima facie evidence" and only that. It certainly is not conclusive.

If we interpret that decision correctly, it is simply in accord with the statutes of Ohio governing recounts of votes; and to certain sections of the General Code, relating to elections, we direct attention.

Section 4785-158, General Code, provides in part:

"Such certificates of election shall be issued by such election officials after the expiration of the time within which applications for recounts of votes shall have expired and after recounts of votes which shall have been applied for, shall be completed."

In the instant case it cannot be argued that time will run against the appellant, because the recount was held up only by the injunction proceedings against the board of elections and against him.

Section 4785-162, General Code, provides, among other things:

"Upon completion of the recount of the ballots of all precincts listed in an application for a recount, or upon stopping the recount prior to such time as here-

in provided for, the board shall promptly prepare and certify an amended abstract showing the votes cast in each precinct in its county * * * If the nomination, election or question or issue concerning which such recount was made, was submitted only to electors within a county, the board shall make an amended declaration of the result of such election, in the same manner as required by law in the making of its original declaration of the result of such election."

This section of the Code makes further provisions as to what shall happen in the event that a recount should show a result different from the original count and carries specific provisions as to an amended declaration of results in the event that a recount should change the results. A study of this very long section seems to us to reveal conclusively the proposition that there shall be an amended abstract and an amended certification, which fact in turn clearly shows that the original certification is only prima facie evidence of the result.

In other words, under a fair construction of this statute itself, and following what we regard as the right interpretation of the *Shriver case,* no one is bound by the certification heretofore made in the instant case, if it should thereafter be determined properly that the original certification was not based upon the facts.

Of course, if, perchance, we should find the Common Pleas Court to have been in error, we would not render directly any judgment affecting the ministerial acts heretofore performed; we would simply reverse the judgment of the lower court and that would leave the parties where they were prior to the granting of the injunction in that court. The board of elections would then in that event be enabled to proceed with the recount, if it cared to do so voluntar-

ily, or if it declined to proceed might well be subjected to an action in mandamus to produce that result.

We mention this latter proposition simply for the purpose of indicating that further proceedings are not foreclosed by reason of the present situation, and that, although this court would not, upon a hearing of the merits of the case, render a judgment other than an affirmance or reversal, it would still, in the event of the latter contingency, open the way for a further determination of the issue, and, hence, the situation as it now presents itself is not one which renders impossible the granting of some subsequent relief to the appellant, if, upon a hearing upon the merits, he should be found to be entitled to it.

The motion to dismiss the appeal is overruled.

*Motion overruled.*

PUTNAM, P. J., and McCLINTOCK, J., concur.