THE STATE, EX REL. TURPIN WOODS COMPANY, APPELLANT, *v.* BOARD OF COMMISSIONERS OF HAMILTON COUNTY ET AL., APPELLEES.

(No. C-880150—Decided
July 5, 1989.)

*Graydon, Head & Ritchey* and *Anthony G. Covatta,* for appellant.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *John R. Meckstroth,* for appellees Board of Commissioners of Hamilton County et al.

*Paul W. Schuch,* for appellee Anderson Township Trustees.

HILDEBRANDT, P.J. Appellant, Turpin Woods Company, appeals from the judgment of the Hamilton County Court of Common Pleas dismissing its complaint in mandamus and ordering appellee, Hamilton County Board of Elections ("board of elections"), to certify the results of a referendum election that was the subject of the complaint.[1]

The appellant is the owner of an undeveloped parcel of real estate located within Hamilton County in Anderson Township. In November 1984, appellant initiated a declaratory judgment action in the Hamilton County Court of Common Pleas, seeking a determination that the existing "A" single-family residence zoning classification was unreasonable, arbitrary, confiscatory and not reasonably related to the public health, safety, laws or general welfare.

On October 17, 1985, the trial court declared the "A" zoning classification unconstitutional as applied to the appellant's land, and ordered appellee, Hamilton County Board of Commissioners, to rezone the appellant's property to a reasonable classification within one hundred twenty days. The court determined that the appellant's proposed multi-family residence development plan was reasonable. The court authorized appellant, in the event the commissioners failed to rezone the property, to proceed with the proposed use. We affirmed that judgment in *Turpin Woods Co. v. Bd. of Cty. Commrs.* (Dec. 24, 1986), Hamilton App. No. C-850800, unreported.

On January 21, 1987, the commissioners approved the appellant's application to change the zoning classification of the subject property from "A" single-family residence to "DD" planned multiple residence. Thereafter, certain electors living within the unincorporated area of Anderson Township submitted a petition to the appellee board of elections, seeking to challenge the "DD" zoning classification by way of a referendum election which was to be held on November 3,

---

[1] The appellees are the Hamilton County Board of Elections, its individual members, the Hamilton County Board of Commissioners, the Hamilton County Building Commissioner, Ralph Liebing, and the Anderson Township Trustees, who were permitted by the trial court to intervene as party defendants pursuant to the trial court's entry of December 3, 1987.

1987. The referendum petition generated the instant complaint in mandamus, which requested the court to issue a writ directing the board of elections to reject the referendum petition because it did not comply with the mandates of R.C. 303.12. Appellant further sought a writ ordering the building commissioner to approve appellant's application for a building permit for the construction of condominiums on the subject land.

On October 28, 1987, an agreed order was placed of record which provided:

"Pursuant to a hearing held October 21, 1987 before this Court, it is hereby ordered that respondent Hamilton County Board of Elections not certify the results of the November 3, 1987 election on a petition for zoning referendum, Case No. 2-84 Anderson, Turpin Woods Company, which petition seeks to refer a resolution adopted on the 21st day of January, 1987, by the Board of County Commissioners, pending the final resolution of this action, including all appeals related thereto, until further order of the court."

The trial court determined that the zoning referendum petition was in compliance with R.C. 305.32 and 303.12(H). The court further found that the referendum was not a usurpation of the court's judicial function. The court further ordered "* * * that the subject petition for zoning referendum is valid and that the Board of Elections should certify the results of the election held on November 3, 1987." The trial court concluded by dismissing the appellant's complaint for mandamus. From that judgment the appellant brings this timely appeal in which it asserts a single assignment of error.

Before analyzing appellant's assignment of error, we must address appellees' motion to dismiss appellant's appeal, which was filed with this court on March 27, 1989, subsequent to our taking the instant appeal under submission. Appellees argue that appellant's appeal is moot because the results of the November 3, 1987 referendum election were certified to the Ohio Secretary of State on February 12, 1988, pursuant to the trial court's judgment entry of February 4, 1988.[2]

Appellant maintains, citing *Grossglaus* v. *Stark Cty. Bd. of Elections* (1949), 85 Ohio App. 134, 40 O.O. 96, 88 N.E. 2d 245, that the certification of an election is only *prima facie* evidence of the matters certified, and not conclusive. In *Grossglaus, supra,* the Court of Appeals for Stark County observed:

"Counsel on both sides stress the case of *State, ex. rel. Shriver, County Engineer,* v. *Hayes,* 148 Ohio St., 681, 76 N.E. (2d), 869, paragraph one of the syllabus of which is:

" 'A certificate of election is conclusive as to the result of an election until set aside or vacated in some manner authorized by law, and is not subject to collateral attack; and, although not conclusive when directly attacked, such certificate is prima facie evidence of the matters therein certified.'

"So far as that case is applicable to the matter now before us, it seems to us that the pertinent part of the holding is that the certificate is 'prima facie evidence' and only that. It certainly is not conclusive." *Id.* at 136, 40 O.O. at 97, 88 N.E. 2d at 246-247.

We perceive appellant's complaint for mandamus to be a direct attack upon the referendum. Because we find, as did the court in *Grossglaus, supra,* that a certification of the results of an election is not conclusive, we overrule the appellees' motion to dismiss.

---

[2] Appellant's notice of appeal to this court was filed on February 25, 1988.

We now turn to appellant's assignment of error, which alleges the trial court erred by dismissing the complaint in mandamus. Appellant argues that the court should have issued a writ ordering the board of elections to reject the referendum petition, because the petition does not comply with the mandates of R.C. 303.12(H),[3] which provides in part:

"Such amendment adopted by the board shall become effective in thirty days after the date of such adoption unless within thirty days after the adoption of the amendment there is presented to the board of county commissioners a petition, signed by a number of qualified voters residing in the unincorporated area of the township or part thereof included in the zoning plan equal to not less than eight per cent of the total vote cast for all candidates for governor in such area at the last preceding general election at which a governor was elected, requesting the board to submit the amendment to the electors of such area, for approval or rejection, at a special election to be held on the day of the next primary or general election. Each part of this petition shall contain the number and the full and correct title, if any, of the zoning amendment resolution, motion, or application, furnishing the name by which the amendment proposal is known and a brief summary of its contents. In addition to meeting the requirements of this section, each petition shall be governed by the rules specified in section 3501.38 of the Revised Code.

"The form of a petition calling for a zoning referendum and the statement of the circulator shall be substantially as follows:

"PETITION FOR ZONING REFERENDUM

"(if the proposal is identified by a particular name or number, or both, these should be inserted here). . . .

"A proposal to amend the zoning map of the unincorporated area of . . . Township, . . . County, Ohio, adopted . . . (date) . . . (followed by brief summary of the proposal).

"To the Board of County Commissioners of . . . . County, Ohio:

"We, the undersigned, being electors residing in the unincorporated area of . . . Township, included within the . . . County Zoning Plan, equal to not less than eight per cent of the total vote cast for all candidates for governor in the area at the preceding general election at which a governor was elected, request the Board of County Commissioners to submit this amendment of the zoning resolution to the electors of . . . Township residing within the unincorporated area of the township including in the . . . County Zoning Resolution, for approval or rejection at a special election to be held on the day of the next primary or general election to be held on . . . (date) . . . pursuant to Section 303.12 of the Revised Code.

| Signature | Street Address or R.F.D. | Township | Precinct | County | Date of Signing |
|---|---|---|---|---|---|
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | | | |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | | | | |

"STATEMENT OF CIRCULATOR

". . . (name of circulator) . . . declares under penalty of election falsification that he is an elector of the state of Ohio and resides at the address appearing below his signature hereto; that he is the circulator of the foregoing part petition containing . . . (num-

---

[3] R.C. 303.12 was amended effective May 1, 1988. Accordingly, we confine our analysis of this cause to the prior version of that statute.

ber) . . . signatures; that he witnessed the affixing of every signature; that all signers were to the best of his knowledge and belief qualified to sign; and that every signature is to the best of his knowledge and belief the signature of the person whose signature it purports to be.

"_____
(Signature of circulator)
"_____
(Address)
"_____
(City, village or township, and zip code)"

Appellant contends that the petition is erroneous in stating that the zoning of the subject real estate was "changed" from "A" to "DD," because the "A" classification had been declared unconstitutional. Appellant alleges that the petition is misleading because it could cause the average person to believe that the referendum petition seeks to maintain the "A" zoning classification on the property, when it is impossible to do so in light of the finding of unconstitutionality.

In *Nunneker* v. *Murdock* (1983), 9 Ohio App. 3d 73, 9 OBR 93, 458 N.E. 2d 431, this court held that a referendum petition substantially complied with R.C. 303.12 where the petition: (1) did not use the verb "request," but expressed a clear intent that the issue be submitted to the electorate for approval or rejection; (2) the petition failed to specify the date of the special election requested on the issue; (3) the petition failed to include a brief summary of the contents of the resolution but did include the resolution in full; and (4) the petition failed to include a representation that the number of signers was equal to not less than eight percent of the vote at the last gubernatorial election.

An examination of the instant petition's summary reveals that it informs the reader that the commissioners' resolution seeks to change the zoning classification of the subject property to "DD." As in *Nunneker* v. *Murdock, supra,* the instant petition sets forth the entire resolution, including a reference to the prior judgment order of the court of common pleas entered October 17, 1985, which held the "A" zoning to be unconstitutional. While the resolution states that a copy of the judgment entry is attached thereto, there is no copy attached to the referendum petition. We are of the opinion that the absence of a copy of judgment entry is not fatal to the petition, because the reference to the judgment entry puts the reader on notice of its existence. We conclude that the petition sufficiently apprises the average person of that which the petition seeks to repeal, and therefore it does not violate R.C. 303.12(H).

Appellant also argues that the petition is fatally flawed because it does not comply with R.C. 305.32, which provides in pertinent part:

"Any referendum petition may be presented in separate petition papers, but each petition paper shall contain a full and correct copy of the title and text of the resolution or rule sought to be referred. * * *"

Appellant directs our attention to the resolution, as set forth in the petition, which states in part:

"WHEREAS, on December 24, 1986, a Consent Judgment was entered of record in the Court of Common Pleas of Hamilton County, Ohio in Appeal No. C-850800 trial number A-8409284 captioned *Turpin Woods Company* v. *Board of County Commissioners of Hamilton County, Ohio* * * *. A copy of said Consent Judgment Entry is attached hereto and made a part hereof."

As noted above, a copy of the judgment entry is not attached to the petition. Appellant, citing *State, ex rel.*

*Burech,* v. *Belmont Cty. Bd. of Elections* (1985), 19 Ohio St. 3d 154, 19 OBR 437, 484 N.E. 2d 153, maintains that the absence of the attachment places the petition in conflict with R.C. 305.32.

In *Burech, supra,* the referendum petition did not contain a full and correct copy of the title and text of the resolution which the petitioners sought to repeal. We find *Burech* to be distinguishable from the case *sub judice,* because a full and complete text of the resolution appears within the petition, with the exception of the absence of a copy of the judgment entry to which the resolution refers. As in our disposition of appellant's argument concerning R.C. 303.12(H), we find the petition to be in substantial compliance with R.C. 305.32, because the reference in the resolution to the judgment entry is sufficient to put the reader on notice of the judgment's existence. See *Nunneker* v. *Murdock, supra.*

Appellant next argues that the resolution was not authorized by R.C. 303.12. That statute provides in relevant part:

"(A) Amendments to the zoning resolution may be initiated * * * by the passage of a resolution therefor by the board of county commissioners * * *."

The resolution *sub judice* states:

"NOW, THEREFORE, BE IT RESOLVED that the Board of County Commissioners in light of the aforementioned Consent Judgment, hereby disagree with the recommendation of the Rural Zoning Commission, and approve the amendment for the reason that the plan modification to reduce the number of units to 40 is in keeping with the surrounding density and general land use. With the herein desired conditions, the Board believes the amendment not to be in conflict with the best interest of the county and the public."

In *Union Oil Co.* v. *Worthington* (1980), 62 Ohio St. 2d 263, 16 O.O. 3d 315, 405 N.E. 2d 277, the Ohio Supreme Court stated:

"Thus, in a declaratory judgment action, upon finding existing zoning unconstitutional as applied to specific real property, the trial court should give notice to the zoning authority that, within a reasonable time certain, it may, at its option, rezone the property. Further notice should be given that, if the property is not rezoned within such period of time, the court will authorize the property owner to proceed with the proposed use if, on the basis of the evidence before it, the court determines the proposed use to be reasonable. The court may enjoin the property owner from seeking a building permit, establishing a nonconforming use or otherwise changing the *status quo* during the interim. If necessary, the court may conduct further proceedings, including the hearing of additional evidence, to determine whether the new zoning restrictions may constitutionally proscribe the owner's proposed use." *Id.* at 267, 16 O.O. 3d at 317, 405 N.E. 2d at 280.

It is clear that in enacting the instant resolution, the commissioners were acting pursuant to the common pleas court's judgment declaring the "A" zoning classification unconstitutional as applied to appellant's property. We find the action of the commissioners does not violate R.C. 303.12 (A).

Appellant's final argument is that the referendum seeks to overturn the existing judgment in which the "A" zoning classification was declared unconstitutional as applied to the subject property. We do not believe that a reading of the petition would lead the average person to believe that it seeks to restore the "A" single-family zoning classification. Appellant's final argument is without merit.

In summary, we hold that the referendum petition does not violate R.C. 303.12 or 305.32. Nor does it seek to usurp the prior court rulings declaring "A" single-family residence zoning unconstitutional as applied to appellant's property. We do not believe that the petition would cause the average person to believe that it seeks to restore the "A" zoning classification. Appellant's assignment of error is overruled and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

UTZ and GORMAN, JJ., concur.