MILLER, Appellant,

v.

WARREN COUNTY BOARD OF ELECTIONS et al., Appellees.

[Cite as *Miller v. Warren Cty. Bd. of Elections* (1991), 76 Ohio App.3d 127.]

Court of Appeals of Ohio,
Warren County.

No. CA91–09–070.

Decided Oct. 28, 1991.

*Manley, Burke & Fischer, Timothy A. Fischer* and *Fred C. Hubbell,* for appellant.

*Timothy A. Oliver,* Warren County Prosecuting Attorney, and *Michael E. Powell,* Assistant Prosecuting Attorney, for appellee Warren County Board of Elections.

JONES, Presiding Judge.

Plaintiff-appellant, Donald R. Miller, appeals a judgment of the Warren County Court of Common Pleas denying his request for injunctive relief and a writ of mandamus.

On April 9, 1991, the Warren County Board of County Commissioners ("commissioners"), in Resolution No. 91–365, granted Miller's application to rezone 93.16 acres of land owned by Miller and others in Deerfield Township from Rural Residence R–1 to Rural Residence R–3 to permit higher density housing. Subsequently, referendum petitions seeking to place the zoning change on the November 5, 1991 ballot were circulated in Warren County and filed with the commissioners on May 8, 1991.

Miller filed a protest with defendant-appellee, the Warren County Board of Elections ("board"), claiming that the petitions failed to comply with applicable sections of the Ohio Revised Code. On June 4, 1991, the board, over Miller's objection, accepted the petitions and permitted the referendum issue to be placed on the ballot for the November 5, 1991 general election. On June 21, 1991, Miller filed his complaint, seeking injunctive relief and a writ of mandamus ordering the board to reject the petitions and to prohibit the referendum's placement on the ballot.

The parties stipulated that the petitions in question failed to comply with R.C. 305.32 through 305.36. The common pleas court held that R.C. 303.12 contained the "exclusive requirements" relative to placing a referendum

petition regarding a zoning resolution on the ballot. By entry dated September 6, 1991, the trial court denied Miller's request for mandamus and injunctive relief. In a timely appeal, Miller submits the following as his sole assignment of error:

"The Court of Common Pleas erred in denying the injunction sought by plaintiff to prevent the subject referendum from appearing on the November 1991 ballot."

The limited issue presented for review is whether the common pleas court correctly concluded that R.C. 303.12 (see Appendix) contains the exclusive requirements for county commission zoning resolutions. In a technical sense, the trial court was incorrect in stating that petition requirements were "exclusively" found in R.C. 303.12. R.C. 303.12(H) also provides that each petition shall be governed by the rules specified in R.C. 3501.38. *Olen Corp. v. Franklin Cty. Bd. of Elections* (1988), 43 Ohio App.3d 189, 197, 541 N.E.2d 80, 87. Furthermore, compliance with R.C. 303.12(H) and 3501.38 is mandatory. *Id.* at 198, 541 N.E.2d at 88. However, "it is generally held that exact and strict compliance is not required but, instead, substantial compliance with mandatory statutory requirements is sufficient." *Id.* See, also, *State ex rel. Maurer v. Franklin Cty. Bd. of Elections* (1987), 33 Ohio St.3d 53, 514 N.E.2d 709; *State ex rel. Polcyn v. Burkhart* (1973), 33 Ohio St.2d 7, 62 O.O.2d 202, 292 N.E.2d 883.

Miller principally relies on the Hamilton County Court of Appeals' decision in *State ex rel. Turpin Woods Co. v. Hamilton Cty. Bd. of Commrs.* (1989), 58 Ohio App.3d 61, 568 N.E.2d 722, in support of his position. In *Turpin Woods,* the county commissioners approved a landowner's application to change the zoning classification of the subject property from single-family residence to multiple residence. Thereafter, certain electors submitted a petition to the board of elections, seeking to challenge the zoning change by way of a referendum. The property owner filed a complaint in mandamus seeking "to reject the referendum petition because it did not comply with the mandates of R.C. 303.12." *Id.* at 63, 568 N.E.2d at 724. Although there is nothing in the decision to suggest that the complaint alleged noncompliance with any code section other than R.C. 303.12, "[t]he trial court determined that the zoning referendum petition was in compliance with *R.C. 305.32 and 303.12(H)." Id.* (Emphasis added.)

The court of appeals in *Turpin Woods* first rejected the property owner's contention that the petitions failed to comply with R.C. 303.12. The court then addressed the owner's additional argument "that the petition is fatally flawed because it does not comply with R.C. 305.32." *Id.* at 65, 568 N.E.2d at 726. Specifically, the owner argued that the requirement of R.C. 305.32 that "each

petition paper shall contain a full and correct copy of the title and text of the resolution or rule sought to be referred" had not been satisfied, since the subject resolution incorporated by reference a consent judgment entry from an earlier lawsuit. However, a copy of the judgment entry was not attached to the petition. The owner claimed that without the judgment entry, the petition did not contain a full and correct copy of the text of the resolution to be referred. The court of appeals rejected this argument, inasmuch as "a full and complete text of the resolution appears within the petition, with the exception of the absence of a copy of the judgment entry to which the resolution refers." *Id.* at 66, 568 N.E.2d at 726. The court found that the petition was "in substantial compliance with R.C. 305.32, because the reference in the resolution to the judgment entry is sufficient to put the reader on notice of the judgment's existence." *Id.*

Miller takes the position that the *Turpin Woods* decision stands for the proposition that R.C. 303.12 does not reflect the exclusive statutory requirements for zoning referendum petitions, but that R.C. 305.32 is equally applicable, as are R.C. 305.33, 305.34, 305.35, and 305.36. Based on our reading of the statutes in question, as well as *Turpin Woods* itself, we do not agree.

We initially note that there appeared to be no contention on the part of the petitioners in *Turpin Woods* that R.C. 305.32 *did not* apply. Inasmuch as the petitions substantially complied with the requirements of R.C. 305.32, there was no reason for the petitioners to object to the application of R.C. 305.32. There is nothing in the decision which suggests that the petitioners conceded the applicability of R.C. 305.32, and it cannot be gleaned from the decision what position the Hamilton County Court of Appeals would have taken if the applicability of R.C. 305.32 had been contested. If we accept Miller's position that the *Turpin Woods* decision stands for the proposition that R.C. 305.32 applies to zoning referendum petitions filed under R.C. 303.12, we believe it is an erroneous application of the law and, with all due respect to our colleagues on the Hamilton County Court of Appeals, we decline to follow that position.

We believe that R.C. 305.32 through 305.36 do not apply to zoning referendum petitions based upon a reading of the pertinent statutes. To begin with, R.C. 303.12(H) not only sets forth the requirements for a zoning referendum petition, it goes even so far as to provide the form for the petition itself and the contents and information to be included therein. Thus, one need not look beyond R.C. 303.12(H) and 3501.38 to determine what is required in a zoning referendum petition.

Those sections of R.C. Chapter 305 which Miller claims apply to zoning petitions comprise a subchapter, beginning with R.C. 305.31, concerning

referendums on resolutions of county commissioners. The first statute in this group, R.C. 305.31, provided that:

"The procedure for submitting to a referendum any resolution adopted by a board of county commissioners pursuant to section 322.02, 324.02, 4504.02, 5739.021, or 5741.021 or rule adopted pursuant to section 307.79 of the Revised Code shall be as follows:

"When a petition, signed by ten per cent of the number of electors who voted for governor at the next preceding general election for the office of governor in the county is filed with the county auditor within thirty days after such resolution is passed or rule is adopted by the board of county commissioners, or is filed within forty-five days after the resolution is passed, in the case of a resolution adopted pursuant to section 5739.021 of the Revised Code that is passed within one year after a resolution adopted pursuant to that section has been rejected or repealed by the electors, requesting that such resolution be submitted to the electors of such county for their approval or rejection, such county auditor shall, after ten days, and not later than four p.m. of the seventy-fifth day before the day of election, certify the text of the resolution or rule to the board of elections. The county auditor shall retain the petition. The board shall submit the resolution or rule to such electors, for their approval or rejection, at the next succeeding general or primary election held in the county on the first Tuesday after the first Monday in November in any year or on the first Tuesday after the first Monday in May of even-numbered years, occurring subsequent to seventy-five days after the certifying of such petition to the board of elections.

"No such resolution shall go into effect until approved by the majority of those voting upon it. However, such a rule shall take effect and remain in effect unless and until a majority of the electors voting on the question of repeal approve the repeal. Sections 305.31 to 305.41 of the Revised Code do not prevent a county, after the passage of any resolution or adoption of any rule, from proceeding at once to give any notice or make any publication required by such resolution or rule."

As noted, this section provides the procedures for submitting to a referendum any resolution adopted by the board of commissioners under R.C. 322.02 (real property transfer tax), 324.02 (utilities service tax), 4504.02 (local motor vehicle license tax), 5739.021 (additional sales tax), 5741.021 (additional use tax), and 307.79 (abatement of soil erosion and water pollution by sediment control rules). Noticeably absent from this section is any reference to R.C. 303.12. In addition, R.C. 305.31 requires that the petition be signed by ten percent of the number of electors who voted for governor at the last preceding general election. By contrast, R.C. 303.12 requires that only eight

percent of the number of electors who voted for governor at the last preceding general election sign the petition.

R.C. 303.12 also provides that a zoning amendment adopted by the board of commissioners "shall become effective in thirty days after the date of such adoption" unless a referendum petition is presented to the board of commissioners. R.C. 305.31 states that such a petition must be filed with the county auditor within thirty days "after such resolution is passed or rule is adopted by the board of county commissioners," and the resolution does not go into effect until approved by a majority of those voting upon it.

R.C. 303.12 also incorporates by reference R.C. 3501.38, which sets forth certain requirements governing signatures on a petition. Although R.C. 305.31 contains no similar reference, one is found in R.C. 305.32, which provides, in part, that:

"Any referendum petition may be presented in separate petition papers, but each petition paper shall contain a full and correct copy of the title and text of the resolution or rule sought to be referred. Referendum petitions shall be governed by the rules of section 3501.38 of the Revised Code. * * * "

R.C. 305.32 requires that the petition contain a full and correct copy of the title and text of the resolution sought to be referred. Under R.C. 303.12(H), the petition "shall contain the number and the full and correct title, if any, of the zoning amendment resolution * * * furnishing the name by which the amendment proposal is known and a *brief summary of its contents*." (Emphasis added.) By following the form contained in R.C. 303.12(H), the name of the resolution and a brief summary of its contents are all that is required. To apply the requirement of R.C. 305.32 that the "full and correct" title and text appear in the petition would emasculate R.C. 303.12 and render its provisions meaningless.

R.C. 305.33 required that "[w]hoever files a referendum petition against any resolution shall, before circulating such petition, file a verified copy of the resolution with the county auditor." All that is required under R.C. 303.12(H) is that the petition be filed with the county commissioners. The question then is whether the zoning resolution must first be filed with both the auditor and the county commissioners before petitions may be circulated. We believe this question must be answered in the negative since the reference to "any resolution" in R.C. 305.33 relates to resolutions passed under those specific Revised Code sections enumerated in R.C. 305.31 which, by omission, does not include R.C. 303.12.

R.C. 305.34 governs the form and content of a referendum petition and requires that:

"At the top of each part of the petition mentioned in section 305.33 of the Revised Code, the following words shall be printed in red:

"NOTICE

"Whoever knowingly signs this petition more than once, signs a name other than his own, or signs when not a legal voter is liable to prosecution."

The notice required under this section reflects the prohibitions contained in R.C. 305.38, which prohibit any person from signing more than once, signing a name other than his own, or signing when not a legal voter. By comparison, R.C. 303.12(H) provides that the petition form shall contain a notice which warns that election falsification is punishable by six months' imprisonment or a fine of not more than $1,000, making such offense a first degree misdemeanor. However, violations of the prohibitions contained in R.C. 305.38 and reflected in the notice provisions of R.C. 305.34 only amount to a minor misdemeanor. See R.C. 305.99(B).

Miller also submits that the petitions failed to adhere to the requirements of R.C. 305.35 and 305.36 regarding the designation of a petition committee and the financial statement of the petition circulator, respectively.[1] There are no such similar requirements for petitions filed pursuant to R.C. 303.12. It does not necessarily follow, however, that the absence of similar provisions in R.C. 303.12 requires an application of R.C. 305.35 and 305.36 to zoning referendum petitions.

---

1. R.C. 305.35 provides that:
   "The petitioners may designate in any referendum petition a committee of not less than three of their number, who shall be regarded as filing the petition. After a petition has been filed with the county auditor it shall be kept open for public inspection for ten days. If, after a verified referendum petition has been filed against any resolution or rule, the board of county commissioners repeals or rescinds such, or it is held to be invalid, the board of elections shall not submit such resolution or rule to a vote of the electors."
   R.C. 305.36 provides for the following:
   "(A) The circulator of a referendum petition, or his agent, shall, within five days after such petition is filed with the county auditor, file a statement, made under penalty of election falsification, showing in detail:
   "(1) All moneys or things of value paid, given, or promised for circulating such petition;
   "(2) Full names and addresses of all persons to whom such payments or promises were made;
   "(3) Full names and addresses of all persons who contributed anything of value to be used in circulating such petitions;
   "(4) Time spent and salaries earned while circulating or soliciting signatures to petitions by persons who were regular salaried employees of some person who authorized them to solicit signatures for or circulate the petition as a part of their regular duties.
   "(B) The statement provided for in division (A) of this section is not required from persons who take no other part in circulating a petition other than signing declarations to parts of the petition and soliciting signatures to them.
   "(C) Such statement shall be open to public inspection for a period of one year."

While arguing the applicability of R.C. 305.32 through 305.36 to the case at bar, Miller readily acknowledges that the sections of the Revised Code addressed to the subject of reference are not a model of clarity. It is his position that while there are specific statutes which apply only to some petitions, *i.e.*, R.C. 303.12, there are also general statutes such as R.C. 305.32 through 305.36 which apply to all petitions, including those governed by R.C. 303.12. Miller suggests that in addition to the requirements of R.C. 303.12, zoning resolution petitions must also satisfy the "additional level of protections" required by R.C. 305.32 through 305.36.

While under some circumstances the statutes present an obfuscated and seemingly contradictory procedural framework for filing referendum petitions, we believe that the ultimate remedy for clarification lies in legislative reform, not judicial reconciliation. Although there may be sound reasons for arguing the applicability of R.C. 305.32 through 305.36 to zoning petitions, R.C. 305.42 provides that "[s]ections 305.32 to 305.41 and 305.99 of the Revised Code apply to petitions authorized by sections 307.791, 322.021, 324.021, 4504.021, and 5739.022 of the Revised Code." Whatever else may be uncertain or unclear in the statutes, R.C. 305.42 clearly reflects the intent of the General Assembly that R.C. 305.32 through 305.36 apply only to those petitions governed by the specific code sections enumerated in R.C. 305.42. Since R.C. 303.12 is not included within that list, we hold that the provisions of R.C. 305.32 through 305.36 do not apply to the zoning resolution petitions in the case at bar.

We therefore find that the trial court correctly held that R.C. 303.12—in addition to those sections of the Revised Code incorporated therein by reference—contains the exclusive requirements for zoning resolution petitions. Generally, "[w]here statutory provisions relative to the submission of a referendum to the voters have not been complied with, that submission may be enjoined." *Markus v. Trumbull Cty. Bd. of Elections* (1970), 22 Ohio St.2d 197, 199, 51 O.O.2d 277, 279, 259 N.E.2d 501, 502. Although we find that the petitions in question need only comply with the provisions of R.C. 303.12, in the interest of preserving the rights of those involved in the case at bar pending possible further review of this matter by the Supreme Court, we hereby order that the November 5, 1991 general election proceed with the zoning referendum included on the ballot, but that the referendum votes be impounded and the board be enjoined from tallying and certifying the results of the referendum during the pendency, if any, of further appellate review. See *Olen Corp., supra*, 43 Ohio App.3d at 192, 541 N.E.2d at 83.

For the reasons set forth above, the assignment of error is overruled, a limited injunction is granted, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WALSH and CASTLE, JJ., concur.

LYLE W. CASTLE, J., retired, of the Twelfth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.

APPENDIX

R.C. 303.12 provides, in part, as follows:

"(A)   Amendments to the zoning resolution may be initiated * * * by the passage of a resolution therefor by the board of county commissioners * * *.

" * * *

"(H)   * * *

"Such amendment adopted by the board shall become effective in thirty days after the date of such adoption unless within thirty days after the adoption of the amendment there is presented to the board of county commissioners a petition, signed by a number of qualified voters residing in the unincorporated area of the township or part thereof included in the zoning plan equal to not less than eight per cent of the total vote cast for all candidates for governor in such area at the last preceding general election at which a governor was elected, requesting the board to submit the amendment to the electors of such area, for approval or rejection, at a special election to be held on the day of the next primary or general election.  Each part of this petition shall contain the number and the full and correct title, if any, of the zoning amendment resolution, motion, or application, furnishing the name by which the amendment proposal is known and a brief summary of its contents.  In addition to meeting the requirements of this section, each petition shall be governed by the rules specified in section 3501.38 of the Revised Code.

"The form of a petition calling for a zoning referendum and the statement of the circulator shall be substantially as follows:

## " 'PETITION FOR ZONING REFERENDUM

(if the proposal is identified by a particular name or number, or both, these should be inserted here) _____

"  [']A proposal to amend the zoning map of the unincorporated area of _____ Township, _____ County, Ohio, adopted _____ (date) _____ (followed by brief summary of the proposal).

"  [']To the Board of County Commissioners of _____ County, Ohio:

"  [']We, the undersigned, being electors residing in the unincorporated area of _____ Township, included within the _____ County Zoning Plan, equal to not less than eight per cent of the total vote cast for all candidates for governor in the

area at the preceding general election at which a governor was elected, request the Board of County Commissioners to submit this amendment of the zoning resolution to the electors of _____ Township residing within the unincorporated area of the township included in the _____ County Zoning Resolution, for approval or rejection at a special election to be held on the day of the next primary or general election to be held on _____ (date) _____, pursuant to section 303.12 Revised Code.

| " [']Signature | Street Address or R.F.D. | Township | Precinct | County | Date of Signing |
|---|---|---|---|---|---|
| | | | | | |

## " [']STATEMENT OF CIRCULATOR

" ['] _____ (name of circulator) _____ declares under penalty of election falsification that he is an elector of the state of Ohio and resides at the address appearing below his signature hereto; that he is the circulator of the foregoing part petition containing _____ (number) _____ signatures; that he witnessed the affixing of every signature; that all signers were to the best of his knowledge and belief qualified to sign; and that every signature is to the best of his knowledge and belief the signature of the person whose signature it purports to be.

" [']_____
(Signature of circulator)
" [']_____
(Address)
" [']_____
(City, village or township, and zip code)

" [']THE PENALTY FOR ELECTION FALSIFICATION IS IMPRISONMENT FOR NOT MORE THAN SIX MONTHS, OR A FINE OF NOT MORE THAN ONE THOUSAND DOLLARS, OR BOTH.'

"No amendment for which such referendum vote has been requested shall be put into effect unless a majority of the vote cast on the issue is in favor of the amendment. Upon certification by the board of elections that the amendment has been approved by the voters it shall take immediate effect."