THE STATE, EX REL. ENGLISH, *v.* GEAUGA COUNTY BOARD OF ELECTIONS ET AL.

(No. 77-1192—Decided November 3, 1977.)

Messrs. *Kelley, McCann & Livingstone, Mr. Stephen M. O'Bryan* and *Ms. Judith H. Rawson,* for relator.

*Mr. John F. Norton,* prosecuting attorney, for respondents.

*Per Curiam.* The issue presented is the apparent discrepancy between the provisions of R. C. 519.12 and 3501.-02(F).

R. C. 519.12 dictates the procedure for adoption of amendments or supplements to township zoning resolutions. After providing that such amendments or supplements be initiated by the township rural zoning commission, by the board of township trustees, or by private landowners or lessees, the statute provides for a public hearing, notice requirements, and other procedural matters. Finally, it establishes a referendum process which reads, in part, as follows:

"Such amendment or supplement adopted by the board shall become effective in thirty days after the date of such adoption unless within thirty days after the adoption of the amendment or supplement there is presented to the board of township trustees a petition, signed by a number of qualified voters residing in the unincorporated area of the township or part thereof included in the zoning plan equal to not less than eight per cent of the total vote cast for all candidates for governor in such area at the last preceding general election at which a governor was elected, requesting the board of township trustees to submit the amendment or supplement to the electors of such area for approval or rejection at the next primary or general election."

In the instant cause the "next * * * general election" is November 8, 1977.

Relator maintains, however, that the time limitation contained in R. C. 3501.02 applies. It provides that:

"General elections in the state and its political subdivisions shall be held as follows:

" '* * *

"(F) Any question or issue, except a candidacy, to be voted upon at an election shall be certified, for placement upon the ballot, to the board of elections not less than sixty days before the day of the election."

The "question or issue" here was not certified for placement upon the ballot "not less than sixty days" before November 8, 1977. Therefore, relator maintains, the issue cannot appear until the June, 1978, primary ballot.

This court determines that R. C. 519.12 and 3501.02(F)

are to be read in *pari materia,* and that the General Assembly has made a policy determination, as expressed in R. C. 3501.02, that certification of a question or issue 60 days prior to an election is the minimum time necessary to provide reasonable assurance that concerned voters can obtain familiarity with the question or issue so certified.

Since it is this court's holding that the 60-day certification requirement in R. C. 3501.02(F) is applicable to the referendum procedure in R. C. 519.12, a writ of mandamus shall issue requiring respondents to strike the referendum issue from the November 8, 1977, general election ballot.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

W. BROWN, J., not participating.