THE STATE EX REL. RIFE *v.* FRANKLIN COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. Rife v. Franklin Cty. Bd. of Elections* (1994), 70 Ohio St.3d 632.]

(No. 94–1908—Submitted and decided October 4, 1994.)

*Fred J. Milligan,* for relator.

*Michael Miller,* Franklin County Prosecuting Attorney, *Harland H. Hale* and *John B. Kahle,* Assistant Prosecuting Attorneys, for respondent.

*Bricker & Eckler, Richard S. Lovering, Andrew A. Folkerth* and *Michael D. Smith,* for intervening respondent.

---

*Per Curiam.* We may set aside the decision of a board of elections and grant a writ of mandamus to compel a referendum election where fraud, corruption, abuse of discretion, or a clear disregard of statutes or applicable legal provisions

is shown. *State ex rel. Zonders v. Delaware Cty. Bd. of Elections* (1994), 69 Ohio St.3d 5, 7, 630 N.E.2d 313, 314–315. Rife argues that the board of elections disregarded the election laws in rejecting his referendum petition. For the reasons that follow, we agree.[2]

R.C. 303.12(H) states with respect to a petition for submission of a zoning resolution to area electors for approval or rejection that:

"Each part of this petition shall contain the number and the full and correct title, if any, of the zoning amendment resolution, motion, or application, furnishing the name by which the amendment proposal is known and *a brief summary of its contents.*" (Emphasis added.)

Where an application for rezoning has been amended during the legislative process, the phrase, "brief summary of its contents" necessarily refers to the proposal to amend the zoning resolution as adopted by the resolution of the board of county commissioners. *Olen Corp. v. Franklin Cty. Bd. of Elections* (1988), 43 Ohio App.3d 189, 194, 541 N.E.2d 80, 84. The standard against which to measure the summary in a zoning referendum petition is:

"[T]he petition must contain an accurate and unambiguous summary of the issue sought to be submitted to the electorate. If the summary is misleading, inaccurate, or contains material omissions which would confuse the average person, the petition is invalid and may not form the basis for submission to a vote. *Markus v. Bd. of Elections* (1970), 22 Ohio St.2d 197 [51 O.O.2d 277, 259 N.E.2d 501]." *Shelly & Sands, Inc. v. Franklin Cty. Bd. of Elections* (1984), 12 Ohio St.3d 140, 141, 12 OBR 180, 181, 465 N.E.2d 883, 884.

The rezoning resolution in this case did not mention the uses specified in the development plan submitted to amend Taylor's application,[3] yet the board of elections concluded that this was a material omission. We fail to see how Resolution No. 267–94 could be accurately and unambiguously summarized with information the resolution itself did not contain. Indeed, in *Shelly & Sands, Inc.*, *supra*, at 142, 12 OBR at 181–182, 465 N.E.2d at 885, we quashed efforts to hold a referendum election on a zoning issue, in part, because the petition embellished the resolution summary with information that, although accurate, was not adopted as part of the resolution. Cf. *State ex rel. Hamilton v. Clinton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 556, 621 N.E.2d 391 (accurate and unambiguous resolution summary may require accounting for uses in a development plan

---

2. In view of our decision, Taylor's motion to dismiss is overruled.

3. These specified uses were: "office, * * * storage, warehousing and maintenance of vehicles and equipment, including heavy trucks," and for access to Taylor's ready-mix concrete business on an adjacent 6.862–acre tract, already zoned General Industrial.

incorporated by the resolution). Accordingly, the board of elections disregarded the law in rejecting Rife's petition for this reason.

The obligation to briefly summarize the contents of a rezoning resolution per R.C. 303.12(H) implicitly requires a referendum petition to accurately describe property subject to rezoning. *Olen Corp., supra*, 43 Ohio App.3d at 193–194, 541 N.E.2d at 83–84. Compliance with this requirement is also measured against the resolution as adopted by the county commissioners. *Id.* at 194, 541 N.E.2d at 84.

The board of elections further found Rife's petition invalid, at least in part, because it did not state the eastern boundary between the property subject to rezoning and Taylor's adjacent property zoned general industrial. Resolution No. 267–94, however, does not describe an eastern boundary, and we have just explained why a resolution summary need not include extraneous information. Thus, the board also disregarded the law by demanding, in effect, that Rife's petition describe the subject property better than the county commissioners did themselves.

The board of elections also complains that Rife waited two weeks after Taylor's protest was sustained, until September 2, 1994, to file his complaint and that "it is [now] logistically difficult if not impossible" to reprint ballots with a new issue in time for the absentee ballot deadline on October 4, 1994. See R.C. 3509.01 (absentee ballots to be available thirty-five days before election). We have denied writs of mandamus against election officials where the relator's unreasonable delay in asserting the claim causes material prejudice. See *State ex rel. White v. Franklin Cty. Bd. of Elections* (1992), 65 Ohio St.3d 45, 600 N.E.2d 656. However, here, a two-week delay more than two months before an election is not so unreasonable that it manifestly caused the prejudice asserted. Cf. *White* at 48–49, 600 N.E.2d at 659–660 (delay of two months in filing claim that was anticipated allowed statutory deadline for ballot preparation to pass). Laches, therefore, does not preclude relief in the instant case.

Having found that the board of elections disregarded the election laws in rejecting Rife's referendum petition based on Taylor's protest, we grant a writ of mandamus and order that Resolution No. 267–94 be submitted for referendum at the general election to be held on November 8, 1994.

*Writ granted.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.