THE STATE EX REL. O'BEIRNE ET AL. *v.* GEAUGA
COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. O'Beirne v. Geauga Cty. Bd.
of Elections* (1997), 80 Ohio St.3d 176.]

(No. 97–1411—Submitted and decided September 29, 1997.)

*McNeal, Schick, Archibald & Biro Co., L.P.A.,* and *Thomas P. O'Donnell,* for relators.

*Lorrie A. Sass,* Geauga County Assistant Prosecuting Attorney, for respondent Geauga County Board of Elections.

*Petersen & Ibold, Dennis J. Ibold* and *Jonathon P. Evans,* for respondent Timberwood Farms, Ltd.

---

***Per Curiam.*** Relators assert that they are entitled to the requested writ of mandamus to compel the board to place the referendum issue on the November 4 election ballot. We may vacate the decision of a board of elections and grant a writ of mandamus to compel a referendum election if relators establish that the board's decision resulted from fraud, corruption, abuse of discretion, or clear disregard of statutes or applicable legal provisions. *State ex rel. Rife v. Franklin Cty. Bd. of Elections* (1994), 70 Ohio St.3d 632, 633–634, 640 N.E.2d 522, 523–524. Relators here contend that the board abused its discretion and disregarded applicable law by refusing to place the referendum issue on the November 4 election ballot. An abuse of discretion connotes unreasonable, arbitrary, or unconscionable conduct. *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134, 1136.

Relators assert in their first proposition of law that a township zoning referendum petition containing a summary that refers to and attaches as exhibits the zoning resolution and map adopted by the township trustees presents a fair and accurate summary of the zoning amendment in compliance with R.C. 519.12. R.C. 519.12(H) provides that each part of a township zoning referendum petition "shall contain the number and the full and correct title, if any, of the zoning amendment resolution, * * * furnishing the name by which the amendment is known and a *brief summary of its contents.*" (Emphasis added.) Cf. R.C. 303.12(H), which includes virtually identical requirements for county zoning referendum petitions.

The phrase "brief summary of its contents" refers to the zoning resolution passed by the township trustees. R.C. 519.12(H); *Rife,* 70 Ohio St.3d at 634, 640 N.E.2d at 524, citing *Olen Corp. v. Franklin Cty. Bd. of Elections* (1988), 43 Ohio App.3d 189, 194, 541 N.E.2d 80, 84. The zoning referendum petition summary must be accurate and unambiguous; therefore, "[i]f the summary is misleading, inaccurate, or contains material omissions which would confuse the average

person, the petition is invalid and may not form the basis for submission to a vote." *Shelly & Sands, Inc. v. Franklin Cty. Bd. of Elections* (1984), 12 Ohio St.3d 140, 141, 12 OBR 180, 181, 465 N.E.2d 883, 884.

Relators contend that since the summary contained in their zoning referendum petition incorporated the entire zoning resolution, it fully complied with R.C. 519.12(H). See, *e.g., Rife,* 70 Ohio St.3d at 635, 640 N.E.2d at 524 ("[T]he board also disregarded the law by demanding, in effect, that Rife's [zoning referendum] petition describe the subject property better than the county commissioners did themselves."). Relators urge this court to adopt *Nunneker v. Murdock* (1983), 9 Ohio App.3d 73, 9 OBR 93, 458 N.E.2d 431, and hold that attachment of the full resolution to a zoning referendum petition always complies with the requirement of R.C. 519.12(H) of a brief summary.

Inclusion of the full text of the amendment of the ordinance generally satisfies the "brief summary" requirement of R.C. 519.12(H). See, generally, *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 39, 671 N.E.2d 1, 4–5 ("[E]ven in zoning referendum petition and ballot language cases, inclusion of the full text of the amendment or ordinance has generally been held to satisfy constitutional and statutory requirements.").

Nevertheless, this general rule is not always applicable. In fact, in the case that relators request this court to apply here, the court of appeals emphasized that "[i]n many cases, the resolution itself will constitute a fair and accurate statement of its terms, and in this case, we find that Resolution No. 641 was readily understandable." *Nunneker, supra,* 9 Ohio App.3d at 77, 9 OBR at 97, 458 N.E.2d at 436. In contrast, it is not evident here that the resolution, which contained approximately forty pages of incorporated exhibits, was "readily understandable." See, *e.g., Pilarczyk v. Johnson* (Mar. 5, 1979), Geauga App. No. 788, unreported (Average referendum petition signers could not be expected to familiarize themselves with issue before signing where all sixty-one pages of the zoning resolution were included in the petition.).

More important, even assuming that the general rule applies here, relators added language to the petition not included in the resolution which stated that the township trustees "adopted a proposal to amend the zoning map of the unincorporated area of Munson Township * * * further described as a total of 352.803 acres * * *." Referendum petitions that convey a confusing or mistaken impression as to the effect of a zoning resolution, for example by significantly overestimating the acreage rezoned by the resolution, are invalid. *State ex rel. Hamilton v. Clinton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 556, 562, 621 N.E.2d 391, 395.

The board determined that the referendum petition was invalid because the summary referred to 352.803 acres but did not specify that only approximately

sixty percent of that acreage would be rezoned. The evidence before the board included testimony by one elector that the summary led her to believe that all 352.803 acres owned by Timberwood were being rezoned. Although relators contend that no testimonial evidence supports the board's finding that only about sixty percent of the 352.803 acres was actually rezoned, documentary evidence that relators themselves presented, i.e., a letter from the township trustees to township residents and newspaper articles, supported the board's finding that only sixty percent of the property was being rezoned. Relators cannot now contend that the board erred in relying on such evidence. *State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 254, 648 N.E.2d 1355, 1358 ("Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the court to make."). Further, relators' contention that the actual percentage of acreage rezoned was eighty percent would, if true, still have resulted in the summary significantly overstating the amount of the acreage to be rezoned.

Relators also did not attach the entire resolution and its incorporated documents to the petition. The petition omitted a page from Timberwood's application that was material to the issue. The missing page noted the present use and zoning of the property. Relators do not contend that the page was immaterial; instead, they claim that they should not bear the responsibility for the neglect of the township clerk in making copies of the application.

Relators' claim, however, lacks merit. First, the township clerk's testimony was contradictory concerning whether she supplied relators with all pages of the requested records. We will not substitute our judgment for that of a board of elections if there is conflicting evidence on an issue. *State ex rel. Herdman v. Franklin Cty. Bd. of Elections* (1993), 67 Ohio St.3d 593, 596, 621 N.E.2d 1204, 1206. Second, even if the township clerk mistakenly failed to copy the missing page, this did not estop the board from invalidating the petition based on this material omission. Cf. *State ex rel. McMillan v. Ashtabula Cty. Bd. of Elections* (1992), 65 Ohio St.3d 186, 189, 602 N.E.2d 631, 633 ("[T]he mistaken advice or opinion of an employee of the board of elections does not estop the board from removing a candidate's name from the ballot."). Relators should have checked the copies prior to attaching them to their petition.

Accordingly, the board of elections did not err in determining that the petition did not comply with the requirement of R.C. 519.12(H) of a brief summary. The petition significantly overstated the amount of acreage affected by the zoning resolution and omitted a material page referred to and incorporated in the zoning resolution. We therefore overrule relators' first proposition of law.

Relators assert in their second proposition of law that the board abused its discretion by including in its findings of fact matters not presented at the

hearing. Relators initially claim that there was no evidence concerning the percentage of acreage rezoned by the resolution. This claim is meritless for the reasons previously discussed.

Relators also contend that the board could not rely on the sixty-percent figure because it was not included in Timberwood's specific objections pursuant to R.C. 3501.39. But Timberwood did specify in its written protest that the petition did not comply with the "brief summary" requirement of R.C. 519.12. Further, the board can refuse to accept a petition even in the absence of a written protest if it determines that it violates the applicable legal requirements. R.C. 3501.39(C). Relators' second proposition of law is overruled.

Based on the foregoing, the board neither abused its discretion nor acted in clear disregard of R.C. 519.12 and other applicable law by sustaining Timberwood's protest and refusing to certify the issue for the November 1997 ballot. Accordingly, relators have not established entitlement to the requested extraordinary relief in mandamus, and the writ is denied.

*Writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.