[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 176.]

THE STATE EX REL. O'BEIRNE ET AL. *v*. GEAUGA COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections*, 1997-Ohio-348.]

*Mandamus to compel Geauga County Board of Elections to place a zoning referendum issue on the November 1997 election ballot—Writ denied, when.*

(No. 97-1411—Submitted and decided September 29, 1997.)

IN MANDAMUS.

———————————

{¶ 1} In December 1996, Timberwood Farms, Ltd. ("Timberwood") applied to Munson Township for a zoning amendment. Timberwood stated in its application that the applicable property is contained within the block of property bordered by Bass Lake, Bean, Auburn, and Mayfield Roads and that the property is mostly vacant and presently zoned as an institutional district. The total acreage owned by Timberwood in this area is 352.803 acres. Timberwood further stated in its application that the requested amendment would permit it to develop the property for use as a single-family residential development and nature reserve, and that the proposed amended zoning district would be a combination of R-1, R-3, and R-4 residential districts.

{¶ 2} In February 1997, the Munson Township Zoning Commission recommended approval of Timberwood's application for a zoning amendment with specified modifications, including that the number of lots would not exceed seventy-four, that no lot would be less than 2.5 acres, and that Timberwood's transfer of land to the Geauga County Park District would be in accordance with conditions specified in a December 1996 letter of intent by Timberwood.

**{¶ 3}** In March 1997, the Munson Township Trustees adopted Resolution 97-9, which adopted the zoning commission's recommendation as modified by certain incorporated deed restrictions. Resolution 97-9 provided:

"WHEREAS, on the 10th day of February, 1997, the board of township trustees received a recommendation from the township zoning commission [exhibit C] on a proposed amendment to the Munson Township Zoning Resolution together with the application [exhibit A] and map [exhibit B], and recommendation of the county planning commission relating thereto; and

"WHEREAS, in the 3th [*sic*] day of March, 1997, the board of township trustees conducted a public hearing on the proposed amendment as provided by law; therefore be it

"RESOLVED, that the Munson Township Board of Township Trustees, Geauga County, Ohio this 15th day of March, 1997 hereby adopts the following modifications of the recommendations of the township zoning commission as attached hereto as exhibit D and incorporated herein

"Exhibit D: the restrictions as indicated in the Revised Draft 3/5/97 'Deed of Declaration of Restrictions' (Walden Oaks Subdivision).

"AND BE IT FURTHER RESOLVED, that the Munson Township Board of Township Trustees, Geauga County, Ohio, this 15th day of March, 1997, hereby adopts an amendment to the Munson Township Zoning Map as set forth in the text and map attached hereto as exhibits B, C, and D and incorporated herein." (Bracketed references *sic.*)

**{¶ 4}** Thereafter, relators, Munson Township electors and a political action committee, filed a petition with the township clerk for a referendum election on the zoning amendment resolution. The petition included the following summary on its first page:

"On March 15, 1997, the Munson Township Trustees *adopted a proposal to amend the zoning map of the unincorporated area of Munson Township*, Geauga

2

County, Ohio, pursuant to an application by Timberwood Farms, Ltd. and *further described as a total of 352.803 acres* bounded by the following roads: Bass Lake, Bean, Auburn and Mayfield as more fully described in Exhibit 1 (with exhibits attached) attached hereto and incorporated herein fully by reference and previously zoned as R-1, R-2, R-3, R-4, Flood Prone and Institutional as shown in Exhibit 2 (map) attached hereto and incorporated herein fully by reference." (Emphasis added.)

{¶ 5} The petition consisted of forty-three pages in its entirety but omitted one page of Timberwood's application for a zoning amendment. The missing page details Timberwood's application for a zoning amendment and specifies the present use and zoning of the property. The maps attached to the petition did not contain a scale of distance. Further, the petition did not include Timberwood's December 1996 letter of intent, which was referred to in the zoning commission's recommendation.

{¶ 6} After the township clerk certified the referendum petition to respondent, Geauga County Board of Elections, Timberwood filed written objections to the referendum petition with the board. Among other things, Timberwood contended that the petition did not accurately present the issues to be decided and that the petition did not comply with the requirement of R.C. 519.12(H) of a brief summary.

{¶ 7} The board conducted a hearing on Timberwood's protest. At the hearing, Diane Lynch, a township elector who had signed the petition, testified that the petition summary of the zoning amendment resolution led her to believe that the entire three hundred fifty-two acres owned by Timberwood was being rezoned. John Murray, another elector who signed the petition, testified that he did not know if he would have signed the petition if he had read the summary first and "probably would have asked what did this mean in English." Relators submitted exhibits that were introduced into evidence at the hearing which indicated that only

approximately sixty percent of the 352.803 acres owned by Timberwood would be rezoned. In addition, the township clerk testified that she was unsure whether she had copied the entire application for a zoning amendment when requested by relators. Relators did not review the document prior to attaching it to their petition to make sure it contained all pages of the referenced documents.

**{¶ 8}** Following the hearing, the board determined that the referendum petition did not meet the requirement of R.C. 519.12(H) of a "brief summary" and that the petition was consequently invalid. In its decision, the board determined:

"The statutory obligation to briefly summarize the contents of the zoning resolution requires the petition to accurately describe property subject to rezoning. In this case the summary refers to 352.803 acres with its approximate boundaries but does not state that only approximately 60% of the acreage will actually be rezoned.

"* * *

"The Referendum included the Resolution of the Township Trustees approving the zoning change and the exhibits which included the Zoning Commission recommendation (1 page), the map (1 page) and the application. The original application is 5 pages. The application attached is missing 1 page that is material in nature.

"* * *

"Instead the Referendum incorporated a legal description of the property (3 pages) a list of surrounding landowners (4 pages) and a deed of declaration of restrictions (25 pages) that briefly summarizes nothing to anyone trying to ascertain what the change to the zoning map actually was.

"Brief summary needs to be just that in order to maintain the integrity of the referendum. Fair and accurate means that proponents and opponents are afforded the same dignity in description."

4

**{¶ 9}** Relators then filed this action for a writ of mandamus to compel the board to place the zoning referendum issue on the November 1997 election ballot. We granted Timberwood's motion to intervene as a respondent and relators' motion to amend their case caption to indicate that the action was being brought in the name of the state on their relation in accordance with R.C. 2731.04. We also granted an alternative writ. The parties have submitted evidence and briefs.

**{¶ 10}** This cause is now before the court for a consideration of the merits.

————————————

*McNeal, Schick, Archibald & Biro Co., L.P.A.*, and *Thomas P. O'Donnell*, for relators.

*Lorrie A. Sass*, Geauga County Assistant Prosecuting Attorney, for respondent Geauga County Board of Elections.

*Petersen & Ibold*, *Dennis J. Ibold* and *Jonathon P. Evans*, for respondent Timberwood Farms, Ltd.

————————————

***Per Curiam.***

**{¶ 11}** Relators assert that they are entitled to the requested writ of mandamus to compel the board to place the referendum issue on the November 4 election ballot. We may vacate the decision of a board of elections and grant a writ of mandamus to compel a referendum election if relators establish that the board's decision resulted from fraud, corruption, abuse of discretion, or clear disregard of statutes or applicable legal provisions. *State ex rel. Rife v. Franklin Cty. Bd. of Elections* (1994), 70 Ohio St.3d 632, 633-634, 640 N.E.2d 522, 523-524. Relators here contend that the board abused its discretion and disregarded applicable law by refusing to place the referendum issue on the November 4 election ballot. An abuse of discretion connotes unreasonable, arbitrary, or unconscionable conduct. *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 151, 666 N.E.2d 1134, 1136.

**{¶ 12}** Relators assert in their first proposition of law that a township zoning referendum petition containing a summary that refers to and attaches as exhibits the zoning resolution and map adopted by the township trustees presents a fair and accurate summary of the zoning amendment in compliance with R.C. 519.12. R.C. 519.12(H) provides that each part of a township zoning referendum petition "shall contain the number and the full and correct title, if any, of the zoning amendment resolution, * * * furnishing the name by which the amendment is known and a *brief summary of its contents*." (Emphasis added.) Cf. R.C. 303.12(H), which includes virtually identical requirements for county zoning referendum petitions.

**{¶ 13}** The phrase "brief summary of its contents" refers to the zoning resolution passed by the township trustees. R.C. 519.12(H); *Rife*, 70 Ohio St.3d at 634, 640 N.E.2d at 524, citing *Olen Corp. v. Franklin Cty. Bd. of Elections* (1988), 43 Ohio App.3d 189, 194, 541 N.E.2d 80, 84. The zoning referendum petition summary must be accurate and unambiguous; therefore, "[i]f the summary is misleading, inaccurate, or contains material omissions which would confuse the average person, the petition is invalid and may not form the basis for submission to a vote." *Shelly & Sands, Inc. v. Franklin Cty. Bd. of Elections* (1984), 12 Ohio St.3d 140, 141, 12 OBR 180, 181, 465 N.E.2d 883, 884.

**{¶ 14}** Relators contend that since the summary contained in their zoning referendum petition incorporated the entire zoning resolution, it fully complied with R.C. 519.12(H). See, *e.g., Rife*, 70 Ohio St.3d at 635, 640 N.E.2d at 524 ("[T]he board also disregarded the law by demanding, in effect, that Rife's [zoning referendum] petition describe the subject property better than the county commissioners did themselves."). Relators urge this court to adopt *Nunneker v. Murdock* (1983), 9 Ohio App.3d 73, 9 OBR 93, 458 N.E.2d 431, and hold that attachment of the full resolution to a zoning referendum petition always complies with the requirement of R.C. 519.12(H) of a brief summary.

6

{¶ 15} Inclusion of the full text of the amendment of the ordinance generally satisfies the "brief summary" requirement of R.C. 519.12(H). See, generally, *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 39, 671 N.E.2d 1, 4-5 ("[E]ven in zoning referendum petition and ballot language cases, inclusion of the full text of the amendment or ordinance has generally been held to satisfy constitutional and statutory requirements.").

{¶ 16} Nevertheless, this general rule is not always applicable. In fact, in the case that relators request this court to apply here, the court of appeals emphasized that "[i]n many cases, the resolution itself will constitute a fair and accurate statement of its terms, and in this case, we find that Resolution No. 641 was readily understandable." *Nunneker, supra*, 9 Ohio App.3d at 77, 9 OBR at 97, 458 N.E.2d at 436. In contrast, it is not evident here that the resolution, which contained approximately forty pages of incorporated exhibits, was "readily understandable." See, *e.g., Pilarczyk v. Johnson* (Mar. 5, 1979), Geauga App. No. 788, unreported (Average referendum petition signers could not be expected to familiarize themselves with issue before signing where all sixty-one pages of the zoning resolution were included in the petition.).

{¶ 17} More important, even assuming that the general rule applies here, relators added language to the petition not included in the resolution which stated that the township trustees "adopted a proposal to amend the zoning map of the unincorporated area of Munson Township * * * further described as a total of 352.803 acres * * *." Referendum petitions that convey a confusing or mistaken impression as to the effect of a zoning resolution, for example by significantly overestimating the acreage rezoned by the resolution, are invalid. *State ex rel. Hamilton v. Clinton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 556, 562, 621 N.E.2d 391, 395.

{¶ 18} The board determined that the referendum petition was invalid because the summary referred to 352.803 acres but did not specify that only

approximately sixty percent of that acreage would be rezoned. The evidence before the board included testimony by one elector that the summary led her to believe that all 352.803 acres owned by Timberwood were being rezoned. Although relators contend that no testimonial evidence supports the board's finding that only about sixty percent of the 352.803 acres was actually rezoned, documentary evidence that relators themselves presented, *i.e.*, a letter from the township trustees to township residents and newspaper articles, supported the board's finding that only sixty percent of the property was being rezoned. Relators cannot now contend that the board erred in relying on such evidence. *State ex rel. Bitter v. Missig* (1995), 72 Ohio St.3d 249, 254, 648 N.E.2d 1355, 1358 ("Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the court to make."). Further, relators' contention that the actual percentage of acreage rezoned was eighty percent would, if true, still have resulted in the summary significantly overstating the amount of the acreage to be rezoned.

{¶ 19} Relators also did not attach the entire resolution and its incorporated documents to the petition. The petition omitted a page from Timberwood's application that was material to the issue. The missing page noted the present use and zoning of the property. Relators do not contend that the page was immaterial; instead, they claim that they should not bear the responsibility for the neglect of the township clerk in making copies of the application.

{¶ 20} Relators' claim, however, lacks merit. First, the township clerk's testimony was contradictory concerning whether she supplied relators with all pages of the requested records. We will not substitute our judgment for that of a board of elections if there is conflicting evidence on an issue. *State ex rel. Herdman v. Franklin Cty. Bd. of Elections* (1993), 67 Ohio St.3d 593, 596, 621 N.E.2d 1204, 1206. Second, even if the township clerk mistakenly failed to copy the missing page, this did not estop the board from invalidating the petition based on this

material omission. Cf. *State ex rel. McMillan v. Ashtabula Cty. Bd. of Elections* (1992), 65 Ohio St.3d 186, 189, 602 N.E.2d 631, 633 ("[T]he mistaken advice or opinion of an employee of the board of elections does not estop the board from removing a candidate's name from the ballot."). Relators should have checked the copies prior to attaching them to their petition.

{¶ 21} Accordingly, the board of elections did not err in determining that the petition did not comply with the requirement of R.C. 519.12(H) of a brief summary. The petition significantly overstated the amount of acreage affected by the zoning resolution and omitted a material page referred to and incorporated in the zoning resolution. We therefore overrule relators' first proposition of law.

{¶ 22} Relators assert in their second proposition of law that the board abused its discretion by including in its findings of fact matters not presented at the hearing. Relators initially claim that there was no evidence concerning the percentage of acreage rezoned by the resolution. This claim is meritless for the reasons previously discussed.

{¶ 23} Relators also contend that the board could not rely on the sixty-percent figure because it was not included in Timberwood's specific objections pursuant to R.C. 3501.39. But Timberwood did specify in its written protest that the petition did not comply with the "brief summary" requirement of R.C. 519.12. Further, the board can refuse to accept a petition even in the absence of a written protest if it determines that it violates the applicable legal requirements. R.C. 3501.39(C). Relators' second proposition of law is overruled.

{¶ 24} Based on the foregoing, the board neither abused its discretion nor acted in clear disregard of R.C. 519.12 and other applicable law by sustaining Timberwood's protest and refusing to certify the issue for the November 1997 ballot. Accordingly, relators have not established entitlement to the requested extraordinary relief in mandamus, and the writ is denied.

*Writ denied.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____