OPINION
Defendant-appellant Forrest Jamieson appeals the April 23, 1999 Judgment Entry of the Ashland County Court of Common Pleas which imposed sentence, and the May 19, 1999 Judgment Entry which adjudicated him a sexual predator. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On January 29, 1999, appellant was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b), and two counts of gross sexual imposition in violation of R.C. 2907.05(A)(4). At his arraignment on February 8, 1999, appellant entered pleas of not guilty to each charge. March 18, 1999, appellant withdrew his former pleas of not guilty and entered a plea of guilty to each of the two gross sexual imposition counts. In a March 18, 1999 Judgment Entry, the trial court accepted the guilty pleas and dismissed the remaining rape count. The trial court scheduled a sentencing hearing for April 15, 1999. On April 5, 1999, the State of Ohio filed its motion requesting appellant be determined a sexual predator. In an April 8, 1999 Notice, the trial court set the sexual predator hearing for April 15, 1999, just prior to the sentencing hearing. On April 15, 1999, defense counsel arrived unprepared for the sexual predator hearing. The trial court continued the sexual predator hearing to April 22, 1999, and proceeded with the sentencing hearing on April 15, 1999. At the sentencing hearing, the trial court afforded defense counsel an opportunity to speak on behalf of appellant, heard a statement from Tammy Jamieson, the mother of the victims in the case, and reviewed a thorough presentence investigation report from the probation department. In an April 23, 1999 Judgment Entry, the trial court sentenced appellant to five years on one count of gross sexual imposition, four years on the second count of gross sexual imposition, and ordered the sentences be served consecutively. At the request of the prosecutor, the trial court dismissed the rape count. In a May 19, 1999 Decision and Judgment Entry, which memorialized the April 22, 1999 sexual predator hearing, the trial court adjudicated appellant a sexual predator. It is from those two judgment entries appellant prosecutes this appeal, assigning as error:
 I. THE TRIAL COURT ERRED IN ASSESSING THE MAXIMUM POSSIBLE SENTENCE ON COUNT TWO WHEREIN IT ALSO IMPOSED SENTENCING [SIC] IN [SIC] COUNT THREE OF THE INDICTMENT.
 II. THE TRIAL COURT ERRED IN RUNNING THE SENTENCES IN COUNT TWO AND COUNT THREE OF THE INDICTMENT CONSECUTIVELY.
 III. THE TRIAL COURT ERRED IN DETERMINING DEFENDANT TO BE A SEXUAL PREDATOR FOLLOWING SENTENCING.
 I
In his first assignment of error, appellant maintains the trial court erred in imposing the maximum sentence on count two where it also imposed a sentence on count three. Because the trial court did not conduct the analysis required for imposition of the maximum sentence under R.C. 2929.14(C), appellant's first assignment is sustained. Standard of Review As a preliminary matter, we note we no longer review sentencing under an abuse of discretion standard. After the enactment of Senate Bill 2 in 1995, an appellate court's review of an appeal from a sentence was modified. R.C. 2953.08 provides, in pertinent part: (G)(1) The court hearing an appeal of a sentence * * * may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for re-sentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
 * * * (d) That the sentence is otherwise contrary to law.
Accordingly, we review the sentence under the new guidelines. R.C.2953.08(F) sets forth the record this Court must review. It provides in pertinent part: (F) On the appeal of a sentence under this section, the record to be reviewed shall include all of the following, as applicable:
(1) Any presentence, psychiatric, or other investigative report that was submitted to the court in writing before the sentence was imposed. * * *
(2) The trial record in the case in which the sentence was imposed;
(3) Any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed.
(4) Any written findings that the court was required to make in connection with the modification of the sentence pursuant to judicial release under division (H) of section 2929.20 of the Revised Code.
Accordingly, in addition to the items contained in the record herein, we have reviewed the presentence investigation report.
Our analysis begins with R.C. 2953.08(A), the statute allowing for appeals of right under certain conditions: (1) The sentence consisted of or included the maximum prison term allowed for the offense * * * and the court imposed it under one of the following circumstances:
(a) The sentence was imposed for only one offense.
(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree.
* * *
(4) The sentence is contrary to law.
Appellee argues appellant has no appeal of right pursuant to R.C.2953.08(A)(1). While we would agree appellant was sentenced on more than one offense, neither of which arose out of a single incident, appellant also claims imposition of the maximum sentence was contrary to law. If correct, appellant has an appeal of right pursuant to R.C. 2953.08(A)(4). R.C. 2929.14(C) sets forth the conditions under which a trial court may impose a maximum sentence. It provides: (C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
We read this statute in the disjunctive. Accordingly, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply. In its sentencing entry, the trial court reviewed the statutory purposes of felony sentencing, and analyzed the facts of the case in light of the seriousness and recidivism factors contained in R.C. 2929.12 and 2929.13. The court made the following specific findings:
 Pursuant to Section 2929.12 and 2929.13 of the Ohio Revised Code, the Court finds the following indicate recidivism is more likely than not.
 1. the Defendant has a prior adult criminal record and a prior juvenile record;
2. the Defendant has previously been placed on probation;
Furthermore, pursuant to Sections 2929.12 and 2929.13 the Court finds the following that indicate this offense is more serious than conduct normally constituting the offense:
 1. the victims in this case were children who were sexually abused by the Defendant;
 2. the victims experienced psychological harm as a result of the offenses;
 3. The Defendant utilized his relationship to the victims to facilitate the offense, to wit: he was their step-father and in a position of trust at the time when he committed the instant offenses.
Upon weighing the aforementioned recidivism factors, the court further finds that the factors weigh more heavily in favor of recidivism.
The Court hereby finds that the Defendant is not amenable to community control sanctions.
In order to protect the public from future crime by the Defendant, to punish the Defendant and incapacitate him, to deter the Defendant and others from future crime and to rehabilitate the Defendant, the Court finds that a prison term is necessary in this case.
Notwithstanding this well-reasoned judgment, we find the trial court failed to conduct the analysis required under R.C.2929.14(C) in order to impose a maximum sentence. The trial court's finding recidivism is more likely than not is not equivalent to the higher standard of greatest likelihood of committing future crimes. Likewise, the trial court's finding the offense was more serious than conduct normally constituting the offense is not equivalent to finding the higher standard the offense was one of the worst forms of the offense. By not analyzing whether to impose the maximum sentence for count two under either of these two higher, more stringent standards, the trial court erred. As such the sentence is contrary to law. Accordingly, we vacate the five-year sentence imposed on count two of the indictment. The matter is remanded to the trial court to conduct an analysis of whether this particular offense was one of the "worst forms of the offense," whether this offender poses "the greatest likelihood of committing future crimes," or whether any other provision of R.C. 2929.14(C) applies. The four year sentence on the third count of the indictment is affirmed.
 II
In his second assignment of error, appellant maintains the trial court erred in imposing consecutive sentences. Because we vacated the sentence imposed for count two, the effect of which is to remove the consecutive sentence, any discussion of the trial court's imposition of consecutive sentences is moot. Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant contends the trial court erred in making a sexual predator determination after sentencing. We disagree. On April 15, 1999, appellant's counsel was unprepared for the sexual predator determination hearing. The following conversation took place: THE COURT: * * * This matter is on this morning for two purposes — a motion for determination of sexual predator status and sentencing.
Is the state ready to proceed on the sexual predator portion of this hearing at this time?
MR. POTTS: Yes, your Honor, we are prepared.
THE COURT: Defendant ready to go forward?
MR. KEARNS: Not on the sexual predator hearing, Your Honor. To the best of my knowledge based upon the motion I received, the court was going to set a possible date for the sexual predator hearing. That was my interpretation of the motion.
THE COURT: Upon receipt of the motion for determination of sexual predator status from the state of Ohio, the Court did issue its notice dated April 8th to counsel and the parties, which indicates, Please be advised that the above case has been scheduled for oral hearing on sexual predator determination and sentencing in the Ashland County Common Pleas Court on Thursday, April 15th at 8 o'clock a.m. It would be the court's intention to go forward on that basis at this time.
MR. KEARNS: Your Honor, I don't recall receiving that notification, but if it's the court's intention to go forward, then . . .
THE COURT: Would counsel approach the bench, please?
(An off-the-record discussion took place.)
THE COURT: Having conferred with counsel in this matter, Mr. Jamieson, the court is going to continue the issue of the determination of the sexual predator status and give your counsel an opportunity to be properly prepared on that issue.
The court is going to go ahead at this time on the matter of sentencing because everybody is expecting that to happen today and the court is going to proceed with the sentencing at this time.
It is well accepted law a party is not permitted to complain of an error which said party invited or induced the trial court to make. State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections (1997),80 Ohio St.3d 176, 181. Further, an appellate court need not consider an error which a party complaining of the trial court's judgment could have called but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. State v. Williams (1997), 51 Ohio St.2d 112, syllabus para. 1. The record contains no objection to the continuance, either at the sentencing hearing or at the subsequent sexual predator hearing. Further, it is obvious from the record, the hearing was continued only because appellant's counsel was unprepared. Even if the error was not specifically invited, because appellant failed to lodge an objection, we find the claimed error is waived. Appellant's third assignment of error is overruled.
The judgment of the Ashland County Court of Common Pleas is hereby affirmed as to count three and the sexual predator determination. The sentence on count two is vacated and the case remanded to the trial court for resentencing on that count in accordance with this opinion and the law.
By: Hoffman, J. Gwin, P.J. and Edwards, J. concur