JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Ellen Sue Warm appeals the domestic relations court's entry of a divorce decree that incorporated a shared-parenting plan. For the following reasons, we affirm.
Theodore Charles Deutsch and Ellen Sue Warm were married on June 21, 1998. On April 17, 1999, their child, Rachel, was born. Less than two months later, Deutsch filed for divorce. Deutsch and Warm were able to resolve most of their issues concerning the shared parenting of Rachel, but agreed to let the court determine how much "overnight" time each parent would have with Rachel. Pursuant to the request of Deutsch and Warm, the trial court only considered the testimony of each party in determining the allocation of overnight parenting. Most of the testimony concerned the parents' work schedules and their concerns over the stability of Rachel's environment.
On April 18, 2002, the trial court journalized its order of "Allocation of Parental Rights and Responsibilities." In its order, the court allocated the parenting time as follows: Deutsch was to have parenting time with Rachel every Monday from 5:00 p.m. until 8:00 p.m. and every other weekend from Friday at 5:00 p.m. until Sunday at 6:00 p.m.; on alternating weekends, Deutsch was to have parenting time from Saturday at 6:00 p.m. until Monday at 8:00 a.m.; during the week that Deutsch was to have Rachel for the whole weekend, he would have parenting time with her on the preceding Wednesday from noon until 8:00 p.m.; on the alternating week, he would have Rachel from Wednesday at noon until Thursday at 8:00 a.m.; at all other times, Rachel was to be with her mother. This schedule allowed Rachel to spend twelve "overnights" each month with her father. This increased Deutsch's overnight parenting time from the four nights each month allocated in the court's temporary order.
Warm moved for reconsideration of the parenting order, which the trial court denied. On November 18, 2002, Warm filed a request for findings of fact and conclusions of law, which the trial court also denied. Finally, the decree of divorce, which incorporated the shared-parenting plan, was journalized on January 31, 2003. On appeal, Warm now brings forth four assignments of error.
In her first assignment of error, Warm maintains that the trial court abused its discretion in awarding Deutsch an excessive amount of overnight parenting time. She argues that this was not in Rachel's best interest because it did not provide stability and consistency in Rachel's routine. Instead, she maintains that the trial court should have allocated only four overnight visits per month, which accorded with the standard visitation guidelines for a child between the ages of three and five.
R.C. 3109.04, which governs the allocation of shared parenting, provides that a court may approve a shared-parenting plan if it is in the best interest of the child.[1] The decisions of a trial court with respect to visitation and allocation of parental rights is governed by an abuse-of-discretion standard.[2]
An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.[3]
We hold that the trial court's allocation of overnight parenting time was not unreasonable, arbitrary, or unconscionable in this case. A trial court may deviate from the standard visitation guidelines.[4] The standard visitation schedule only provides for four overnight visits per month with the non-residential parent, but the guidelines indicate that with preschool children more overnight time may be appropriate. Here, the trial court exercised its discretion to increase the father's overnight parenting time after Deutsch had asked to be more intimately involved in Rachel's formative years. At the hearing, Warm was concerned that Rachel would not have any continuity because she was not allowed to bring items from her mother's house to her father's house. But Deutsch agreed to allow Rachel to take personal items back and forth if that would make her more comfortable. In allocating parenting time, the court also considered Warm's work schedule and Deutsch's flexibility in transporting Rachel to different drop-off points.
Warm also complains that the new overnight parenting schedule did not allow her to have two consecutive weekend overnight visits with Rachel, which prevented her and Rachel from traveling on the weekends. But we note that Warm worked from 8:00 a.m. until 12:30 p.m. each Friday and Saturday. Her days off were Thursday and Sunday. The trial court's allocation of parenting time accommodated this schedule by awarding Warm overnight parenting time every Monday, Tuesday, and Thursday, in addition to Wednesday and Friday nights on alternating weeks. Because we cannot say that the trial court abused its discretion in allocating overnight parenting time, we overrule the first assignment of error.
In the second assignment of error, Warm contends that the trial court erred in denying her motion for reconsideration of the order allocating parenting time. We disagree. Even if the lower court possessed authority to revisit the matter, we overrule the assignment because we have already determined that the trial court did not abuse its discretion in its allocation of overnight parenting time.
In her third assignment of error, Warm maintains that the trial court erred when it denied her Civ.R. 52 motion for findings of fact and conclusions of law with respect to the order allocating parental rights and responsibilities, which was issued on April 18, 2002. Civ.R. 52 allows any party to request written findings of fact and conclusions of law "before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later * * *." Under Civ.R. 58, once the clerk enters a judgment upon the journal, the judgment is effective. Warm argues that the order allocating parental rights and responsibilities entered April 18, 2002, was not a final appealable order. We disagree.
In State ex rel. Papp v. James,[5] the Supreme Court of Ohio determined that a permanent-custody order entered on the journal prior to the entry of a divorce decree was a final appealable order under R.C. 2505.02, and thus a judgment for Civ.R. 52 purposes.[6] Likewise, a permanent order allocating parental rights and responsibilities (custody) is a final appealable order under R.C. 2505.02 and, thus, a judgment for purposes of Civ.R. 52. Since Warm did not move for findings of fact and conclusions of law until November 18, 2002, seven months after the judgment allocating parental rights had been entered on the record, the trial court did not err in denying her Civ.R. 52 motion.[7] Accordingly, the third assignment of error is overruled.
In her final assignment of error, Warm asserts that the trial court erred in the process of determining overnight parenting time by failing to consider three court-ordered investigative reports that were not introduced into evidence. We disagree. Prior to the hearing on the allocation of parental rights and responsibilities, both parties knowingly and voluntarily gave up their right to present evidence other than their own testimony. We cannot find any error, under these circumstances, in the trial court's failure to consider the investigative reports. Even if it was error for the trial court to fail to consider these reports, "a party will not be permitted to take advantage of an error which he himself invited or induced the court to make."[8]
Accordingly, the fourth assignment of error is overruled and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.
[1] See R.C. 3109.04(D)(1)(a)(i).
[2] Stark v. Haser, 5th Dist. No. 03CAF11057, 2004-Ohio-4641, at ¶ 23.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[4] Hamilton Cty. Domestic Relations Loc.R. 2.5; R.C.3109.05(F)(2).
[5] 69 Ohio St. 3d 373, 1994-Ohio-86, 632 N.E. 2d 899.
[6] Id. at 378-379.
[7] See In re Adoption of Gibson (1986), 23 Ohio St.3d 170,492 N.E.2d 146 (trial court has mandatory duty under Civ.R. 52 to issue findings of fact and conclusions of law only upon a request timely made).
[8] State ex rel. Soukup v. Celebrezze, 83 Ohio St.3d 549,550, 1998-Ohio-8, 700 N.E.2d 1278, citing State ex rel. O'Beirnev. Geauga Cty. Bd. of Elections, 80 Ohio St.3d 176, 181,1997-Ohio-348, 685 N.E.2d 502.