The STATE ex rel. READING

v.

CUYAHOGA COUNTY BOARD OF ELECTIONS.

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 80437.

Decided Nov. 2, 2001.

Thomas P. Gill and Michael P. Butler, for relator.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini, Jr., Assistant Prosecuting Attorney, for respondent.

KARPINSKI, Administrative Judge.

{¶ 1} On August 29, 2001, respondent—the Cuyahoga County Board of Elections ("board")—certified relator as a candidate for President of Council in the city of Berea for the November 6, 2001 general election. By letter dated October 26, 2001, the board's director ("director") notified relator that her name was removed from the ballot and that a sign would be posted in each voting booth stating: "DENISE READING CANDIDATE FOR COUNCIL PRESIDENT HAS BEEN REMOVED FROM THE BALLOT. A VOTE FOR THIS CANDIDATE WILL NOT BE COUNTED." Relator also avers that the board reprinted absentee ballots eliminating relator's name from the ballot.

{¶ 2} By letter dated October 28, 2001, relator requested a hearing before the full board. By facsimile on October 30, 2001, the director cited R.C. 3513.192 (forfeiture of nomination) and stated that "the Board does not see a necessity for a hearing * * *."

{¶ 3} Relator requests that this court issue a peremptory or alternative writ of mandamus "commanding the Board to conduct the general election with Relator's name on all ballots, as certified on August 26, 2001 [sic]; to count all ballots cast for Relator; and to certify the results."

{¶ 4} In an action requesting that a board of elections certify a candidate on the ballot, relief in mandamus is appropriate if the candidate-relator establishes "that the board's decision resulted from fraud, corruption, abuse of discretion, or clear disregard of applicable law. *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 176, 179, 685 N.E.2d 502, 504–505." *State ex rel. Watson v. Hamilton Cty. Bd. of Elections* (2000), 88 Ohio St.3d 239, 725 N.E.2d 255, 257. For the reasons stated below, we hold that the board's decision resulted from "clear disregard of applicable law" and grant relief in mandamus.

{¶ 5}     As noted above, the director indicated that relator's name was removed from the ballot under R.C. 3513.192, forfeiture of nomination, which provides:

{¶ 6}   "Any candidate *nominated at a party primary election* who votes in that primary election as a member of a political party different from the party that nominated the candidate shall forfeit the nomination, and the vacancy so created shall be filled in accordance with section 3513.31 of the Revised Code." (Emphasis added.)

{¶ 7}   Relator filed a declaration of candidacy and petition as a member of the Democratic Party.  Yet she acknowledges that she voted in the Berea Republican primary on October 2, 2001.  Relator contends that R.C. 3513.192 is not controlling, however, because relator was not "nominated at a party primary election." We agree.

{¶ 8}   Item 4, Section XIII, of the Berea Charter requires elections officials to certify the name of a candidate for the general election "if the number of persons filing such declaration of candidacy for nominations as candidates of one political party for election to such office does not exceed, as to any such office, the number of persons to be elected to such office * * *."[1]  On August 29, 2001, the board certified relator as a candidate for Berea Council President in the November 6, 2001 general election because she was the only candidate of the Democratic Party who filed petitions for that office.  As required by Item 1, Section XIII of the Berea Charter, the primary election was held on October 2, 2001.  Relator was not "nominated at a primary election," because she was certified as a candidate in the general election more than a month before the date of the primary election. The board's reliance on R.C. 3513.192 as a basis for removing relator's name from the ballot was, therefore, misplaced.

---

1.  {¶ a}   Item 4, Section XIII, of the Berea Charter provides:

{¶ b}   "If in any odd numbered year no valid declaration of candidacy is filed for nomination as a candidate of a political party for an election to any office to be voted for at the regular municipal election to be held in such year, or if the number of persons filing such declaration of candidacy for nominations as candidates of one political party for election to such office does not exceed, as to any such office, the number of persons to be elected to such office, then no primary election shall be held for the purpose of nominating candidates for such party for election to offices to be voted for at such regular municipal election, and no primary ballots shall be provided for such party.  The election officials whose duty it would have been to provide for and conduct the holding of such primary election, shall declare the results thereof and issue certificates of nomination to the person entitled thereto as if such primary election had been held, and shall declare each of such persons to be nominated, issue appropriate certificates of nomination to each of them, and certify their names to the proper election officials in order that their names may be printed on the official ballots provided for use in the next succeeding regular municipal election in the same manner as through [sic] such primary election had been held and such person had been nominated at such election."

{¶ 9} Additionally, R.C. 3513.192 is not controlling because the primary election held on October 2, 2001, does not conform to the definition of "primary election" in the Revised Code.

{¶ 10} R.C. 3501.01 provides:

{¶ 11} "As used in the sections of the Revised Code relating to elections and political communications:

{¶ 12} "* * *

{¶ 13} "(E)(1) 'Primary' or 'primary election' means an election held for the purpose of nominating persons as candidates of political parties for election to offices, and for the purpose of electing persons as members of the controlling committees of political parties and as delegates and alternates to the conventions of political parties. *Primary elections shall be held on the first Tuesday after the first Monday in May of each year except in years in which a presidential primary election is held.*" (Emphasis added.)

{¶ 14} R.C. 3513.192 expressly requires that, after a candidate has forfeited a nomination, "the vacancy so created shall be filled in accordance with section 3513.31 of the Revised Code." R.C. 3513.31(D) governs nominations by primary election in a district within a county. The statute mandates the procedure for the political party to fill the vacancy. The statute expressly specifies that the process be completed no later than the seventy-sixth day before the general election.[2] Clearly, the General Assembly did not intend that a forfeiture under R.C. 3513.192 occur without providing the party an opportunity to fill the vacancy. To

---

2. {¶ a} R.C. 3513.31(D) provides:

{¶ b} "(D) If a person nominated in a primary election as a party candidate for election at the next general election, whose candidacy is to be submitted to the electors of a district within a county, withdraws as that candidate, the vacancy in the party nomination so created may be filled by a district committee consisting of those members of the county central committee or, if so authorized, those members of the county executive committee in that county of the major political party that made the nomination at the primary election who represent the precincts or the wards and townships within the district, if the committee's chairperson and secretary certify the name of the person selected to fill the vacancy by the time specified in this division, at a meeting called for that purpose. The district committee meeting shall be called by the chairperson of the county central committee or executive committee, as appropriate, who shall give each member of the district committee at least two days' notice of the time, place, and purpose of the meeting. If a majority of the members of the district committee are present at the district committee meeting, a majority of those present may select a person to fill the vacancy. The chairperson and secretary of the district committee meeting shall certify in writing and under oath to the board of the county, not later than four p.m. of the seventy-sixth day before the day of the general election, the name of the person selected to fill the vacancy. The certification must be accompanied by the written acceptance of the nomination by the person whose name is certified. A vacancy that may be filled by an intermediate or minor political party shall be filled in accordance with the party's rules by authorized officials of the party. Certification must be made as in the manner provided for a major political party."

apply this statute to an October primary would disenfranchise voters of a particular party.

{¶ 15} Respondents have filed an answer and motion for summary judgment. They assert that relator's petition was deficient under Item 6(A), Section XIII of the Berea Charter because independent voters signed her petition. That same provision of the charter, however, requires that a protest be filed in writing prior to the fiftieth day before the primary election. Similarly, R.C. 3501.39 requires a board of elections to accept any petition unless there is a written protest and a hearing or, if a petition fails to conform to the requirements of R.C. Chapter 3513—as is asserted by the board in this action—the board acts no later than the fiftieth day prior to the election.[3] Those conditions were not met here. The Revised Code does not, therefore, support respondent's position—even if it is consistent with a recommendation to the board by the Secretary of State—that it was acting in accordance with the law by removing relator's name from the ballot on October 26, 2001.

{¶ 16} It is of particular concern to this court that the board removed a candidate from the ballot less than two weeks prior to the election without a hearing. Further, respondent has not satisfactorily refuted relator's contention that she was entitled to a hearing. Although the other grounds discussed above are dispositive in this action, in a proper case the lack of a hearing by the board may provide a sufficient basis for relief in mandamus.

{¶ 17} Similarly, respondent's assertion that the Berea Charter requires that state law controls ignores the language of Item 7, Section XIII of the Berea Charter, that Ohio law controls "[w]here *no special provision* is made in this Charter * * *." (Emphasis added.) Because Item 4, Section XIII of the Berea Charter specifically sets out a procedure for issuing a certificate of nomination

---

3. {¶ a} R.C. 3501.39 provides:

{¶ b} "The secretary of state or board of elections shall accept any petition described in section 3501.38 of the Revised Code unless one of the following occurs:

{¶ c} "(1) A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition is invalid, in accordance with any section of the Revised Code providing a protest procedure.

{¶ d} "(2) A written protest against the petition or candidacy, naming specific objections, is filed, a hearing is held, and a determination is made by the election officials with whom the protest is filed that the petition violates any requirement established by law.

{¶ e} "(3) The candidate's candidacy or the petition violates the requirements of this chapter, Chapter 3513. of the Revised Code, or any other requirements established by law.

{¶ f} "(B) A board of elections shall not invalidate any declaration of candidacy or nominating petition under division (A)(3) of this section after the fiftieth day prior to the election at which the candidate seeks nomination to office, if the candidate filed a declaration of candidacy, or election to office, if the candidate filed a nominating petition."

when no primary is held, Ohio law does not control. As a consequence, respondent's motion for summary judgment is denied.

{¶ 18} Accordingly, relator's request for relief in mandamus is granted. Respondent is ordered to:

{¶ 19}  1.  conduct the general election with relator's name on all ballots, as certified on August 29, 2001;

{¶ 20}  2.  count all ballots cast for relator;  and

{¶ 21}  3.  certify the results.

{¶ 22}  Respondent to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Writ allowed.

TIMOTHY E. McMONAGLE and ANN DYKE, JJ., concur.