The STATE ex rel. SMITH

v.

SANDUSKY COUNTY BOARD OF ELECTIONS.

[Cite as *State ex rel. Smith v. Sandusky Cty. Bd. of Elections,*
155 Ohio App.3d 211, 2003-Ohio-5856.]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–03–034.

Decided Oct. 29, 2003.

Ronald J. Mayle and Andrew R. Mayle, for relator.

Norman P. Solze, for respondent.

***

KNEPPER, Judge.

{¶ 1} This matter is before this court on a "Motion for Peremptory Writ of Mandamus," "Motion for Alternative Writ," and "Motion for Expedited Ruling (Election Matter)" filed on October 6, 2003, by relator, Steven D. Smith.

{¶ 2} Relator, a Republican, currently holds the office of Auditor for the city of Bellevue, Ohio. Sometime before the May 6, 2003 primary election, relator was certified as the only Republican candidate for city auditor in the November 4, 2003 election pursuant to R.C. 3513.02. As a result, his name would not appear on the ballot in the May 6, 2003 primary election.

{¶ 3} On May 6, 2003, relator went to the polls, was given a ballot, and cast his vote in the primary election; however, the only candidates on the primary ballot were Democrats. On August 19, 2003, the deputy director of the board of elections discovered that relator had voted for a Democratic candidate in the primary election and sought to have him disqualified in the November 4, 2003 general election, pursuant to R.C. 3513.192, which provides:

{¶ 4} "Any candidate nominated at a party primary election who votes in that primary election as a member of a political party different from the party that nominated the candidate shall forfeit the nomination, and the vacancy so created shall be filled in accordance with 3513.31 of the Revised Code."

{¶ 5} A meeting was held by respondent, the board of elections ("board"), on August 28, 2003, at which board members voted to ask the Sandusky County Prosecuting Attorney for an opinion as to the issue of relator's disqualification.

On September 2, 2003, an assistant prosecutor recommended that relator's name not be removed from the ballot. That same day, the board held a roll call vote on the issue, with two board members voting to keep relator's name on the November ballot, and two voting to remove his name from the ballot.

{¶ 6} As a result of the board's tie vote, the matter was referred to Ohio Secretary of State for a deciding vote to be cast. On October 2, 2003, the Secretary of State issued a decision in which he stated that, pursuant to R.C. 3513.192, relator "must forfeit his nomination because he voted as a Democrat in the primary election held on May 6, 2003."

{¶ 7} On October 6, 2003, relator filed this action in mandamus, in which he asks that this court order the board "to maintain Relator's name on all ballots, to count all ballots cast and certify the results of the City of Bellevue election for city auditor." Attached to relator's verified petition were copies of minutes of the board's meetings on February 20, May 22, and August 28, 2003, and the decision of the Secretary of State to vote in favor of relator's disqualification. In addition, both parties have filed responses as ordered by this court pursuant to an expedited schedule.

{¶ 8} In order for a writ of mandamus to issue, the relator must demonstrate that "(1) there is no plain and adequate remedy in the ordinary course of law; (2) the respondent is under a clear duty to perform some act or acts; and (3) the relator has a clear right to the relief prayed for." *State ex rel. Durkin v. Mahoning Cty. Bd. of Elections* (1996), 115 Ohio App.3d 180, 183, 684 N.E.2d 1289.

{¶ 9} Because mandamus relief will not lie if there is an adequate remedy at law available, courts are extremely reluctant under normal circumstances to entertain an original action when there is arguably such a remedy. *State ex rel. Smart v. McKinley* (1980), 64 Ohio St.2d 5, 6, 18 O.O.3d 128, 412 N.E.2d 393; *State ex rel. Toledo v. Lucas Cty. Bd. of Elections* (2002), 95 Ohio St.3d 73, 765 N.E.2d 854. However, in election cases, Ohio courts have been inclined to entertain original actions, even though alternative administrative remedies such as declaratory judgment and injunction may be available, due to the protracted nature of such proceedings. *State ex rel. Durkin,* supra.

{¶ 10} In this case, the board did not disqualify relator's nomination until after the Secretary of State voted to remove relator's name from the ballot on October 2, 2003, 33 days before the upcoming general election. Accordingly, we find that, because the general election was only four weeks from the day the board ruled on relator's candidacy, relator effectively has no adequate remedy in the ordinary course of law other than through an action for mandamus, and we will therefore address the merits of his petition.

{¶ 11} In an action requesting that a board of elections certify a candidate on the ballot, relief in mandamus is not appropriate unless the candidate-relator establishes that the board's decision resulted from "fraud, corruption, abuse of discretion, or clear disregard of applicable law." *State ex rel. Reading v. Cuyahoga Cty. Bd. of Elections,* 147 Ohio App.3d 172, 2001-Ohio-4143, 769 N.E.2d 405, ¶ 4, citing *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 176, 179, 685 N.E.2d 502.

{¶ 12} As set forth above, relator was disqualified as a candidate pursuant to R.C. 3513.192 for voting as a Democrat in the May 6 primary election. However, R.C. 3513.192 requires the disqualification of a candidate who votes in a primary election as a member of the opposite party only if the candidate was "nominated at a party primary election." R.C. 3501.01(E) defines a "primary election" as "an election held for the purpose of nominating persons as candidates of political parties for election to offices * * *. Primary elections shall be held on the first Tuesday after the first Monday in May of each year except in years in which a presidential primary election is held." In addition, it is undisputed that relator was certified as a candidate pursuant to R.C. 3513.02, several months before the May primary was held. That statute provides:

{¶ 13} "If, in any odd-numbered year, no valid declaration of candidacy is filed for nomination as a candidate of a political party for election to any of the offices to be voted for at the general election to be held in such year, or if the number of persons filing such declarations of candidacy for nominations as candidates of one political party for election to such offices does not exceed, as to any such office, the number of candidates which such political party is entitled to nominate as its candidates for election to such office, then *no primary election shall be held for the purpose of nominating party candidates of such party for election to offices to be voted for at such general election and no primary ballots shall be provided for such party.*" (Emphasis added.)

{¶ 14} Not only was relator not nominated at a "primary election," as defined by R.C. 3501.01(E), but, pursuant to R.C. 3513.02, a "primary election" was not required for relator to become a candidate in the general election. The language of R.C. 3513.192 unambiguously refers only to candidates selected in a primary election.

{¶ 15} On consideration of the foregoing, this court finds that the board clearly disregarded the law, as set forth in R.C. 3513.192, by disqualifying relator as a candidate for Bellevue City Auditor in the November 4, 2003 election. See *State ex rel. Reading,* supra, 147 Ohio App.3d at 174, 769 N.E.2d 405. We further find that relator has a clear legal right to the relief requested. The board's motion to dismiss is therefore denied, and relator's request for relief in mandamus is granted.

{¶ 16} Respondent, the Sandusky County Board of Elections, is hereby ordered to:

{¶ 17} 1. Conduct the November 4, 2003 general election with relator's name on all ballots;

{¶ 18} 2. Count all ballots cast for relator; and

{¶ 19} 3. Certify the results.

{¶ 20} Court costs of these proceedings are assessed to respondent, the Sandusky County Board of Elections.

Writ granted.

MARK L. PIETRYKOWSKI and JUDITH ANN LANZINGER, JJ., concur.