S.I. Development & Construction, L.L.C. et al.
*v.* Medina County Board of Elections et al.

[Cite as *S.I. Dev. & Constr., L.L.C. v. Medina Cty. Bd. of Elections,* 100 Ohio St.3d 272, 2003-Ohio-5791.]

(No. 2003–1750—Submitted October 24, 2003—Decided October 29, 2003.)

**Per Curiam.**

{¶ 1} On April 17, 2003, relators, S.I. Development & Construction, L.L.C., and Isaac Yomtovian, applied to Brunswick Hills Township, Medina County, Ohio, for a zoning amendment. Relators requested that the zoning for Parcel Numbers 001–02D–33–001 and *001–02D–27–006,* located at Lot 3, Tract 15, Pearl Road, be amended from R–R (Rural Residential) to C–1 and R–1. On June 5, 2003, the Brunswick Hills Township Zoning Commission recommended approving relators' application.

{¶ 2} On June 24, 2003, the Brunswick Hills Township Board of Trustees adopted Resolution No. 2003–21, which granted relators' request by rezoning the parcels from R–R to C–1 and R–1.[1] Resolution No. 2003–21 contained the following language:

{¶ 3} "WHEREAS, the Zoning Commission of Brunswick Hills Township on June 5, 2003 at their regularly scheduled public meeting heard and reviewed documentation provided on behalf of the property owner Sylvia H. Wedmedyk, to rezone several parcels of land.

{¶ 4} "AND WHEREAS, after careful review of the information the Zoning Commission made and passed a motion to adopt the map amendment initiated by S.I. Development & Construction L.L.C., Isaac Yomtovian, 2461 Cedarwood Rd., Pepper Pike, Ohio 44124 on behalf of the property owner Sylvia H. Wedmedyk,

---

1. Although two of the three board members voted against the zoning amendment, R.C. 519.12(H) required a unanimous vote to deny the zoning commission's recommendation.

2715 Pearl Road, Brunswick, Ohio to rezone Lot 3 Tract 15 Pearl Rd. Permanent Parcel Numbers 001–02D–33001 & *001–02D–27* (*2715 Pearl Road*). These parcels are currently zoned R–R, and it [sic] the applicants request to rezone these parcels to C–1 & R–1.

{¶ 5} "* * *

{¶ 6} "THEREFORE, BE IT RESOLVED, that the Brunswick Hills Township Board of Trustees accepts the recommendation of the Zoning Commission to rezone these parcels to C–1 and R–1 as requested by the applicant." (Emphasis added.)

{¶ 7} The second whereas clause of Resolution No. 2003–21 incorrectly specified the number of the second parcel as *001–02D–27,* which actually includes six parcels numbered 001–02D–27–001, 001–02D–27–002, 001–02D–27–003, 001–02D–27–004, 001–02D–27–005, and *001–02D–27–006.* The second parcel that was the subject of the zoning amendment was 001–02D–27–006.

{¶ 8} The second whereas clause of the resolution also incorrectly stated the address of the parcels as 2715 Pearl Road although the second parcel was at 2653 Pearl Road.

{¶ 9} On July 23, 2003, a referendum petition on Resolution No. 2003–21 was filed with the board of township trustees. The petitioners requested that the resolution be placed on the November 4, 2003 election ballot. The referendum petition incorporated the full text of the resolution in its summary of the proposed zoning amendment, which included the inaccuracies in the resolution's second whereas clause. The township board of trustees subsequently certified the referendum petition to respondent Medina County Board of Elections.

{¶ 10} On August 21, 2003, relators submitted a written protest against the referendum petition to the board of elections. Relators claimed that the petition was invalid because, among other reasons, the resolution summary erroneously identified the second parcel as 001–02D–27 instead of 001–02D–27–006. On September 11, 2003, relators submitted a second protest against the referendum petition to include the challenge to the erroneous street address for the second parcel.

{¶ 11} On September 29, 2003, the board of elections held a hearing on relators' protests. At the hearing, the referendum petitioners stipulated that they were aware before circulating the petition that the reference in the resolution to the second parcel as 001–02D–27 was inaccurate. At the conclusion of the hearing, the board of elections accepted the referendum petition and ordered that the resolution be placed on the November 4, 2003 general election ballot.

{¶ 12} On October 3, 2003, relators filed this action for a writ of prohibition to prevent respondents, the board of elections and its members, from submitting Resolution No. 2003–21 to the electorate on the November 4, 2003 election ballot. The board of elections filed an answer, and the parties filed evidence and briefs pursuant to the expedited election provisions of S.Ct.Prac.R. X(9). Briefing was completed on October 23. This cause in now before us for our consideration of the merits.

{¶ 13} In an extraordinary action challenging the decision of a board of elections, the standard is whether the board engaged in fraud or corruption, abused its discretion, or clearly disregarded applicable legal provisions. *Whitman v. Hamilton Cty. Bd. of Elections,* 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶ 11. There is no allegation of fraud or corruption here. Therefore, the dispositive issue is whether the board of elections abused its discretion or clearly disregarded applicable law in denying relators' protests. "The term 'abuse of discretion' connotes an unreasonable, arbitrary, or unconscionable decision." *State ex rel. Stevens v. Geauga Cty. Bd. of Elections* (2000), 90 Ohio St.3d 223, 226, 736 N.E.2d 882.

{¶ 14} Relators assert that the board of elections abused its discretion and clearly disregarded R.C. 519.12(H) by denying their protests to the referendum petition.

{¶ 15} R.C. 519.12(H) provides that a petition requesting a referendum on a township zoning-amendment resolution contain a brief summary of the contents of the resolution:

{¶ 16} "Each part of this petition shall contain the number and the full and correct title, if any, of the zoning amendment resolution, motion, or application, furnishing the name by which the amendment is known and a brief summary of its contents."

{¶ 17} The phrase "brief summary of its contents" refers to the zoning-amendment resolution, motion, or application passed or approved by the board of township trustees. *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections* (1997), 80 Ohio St.3d 176, 179, 685 N.E.2d 502. The summary must be accurate and unambiguous; otherwise, the petition is invalid and the subject resolution will not be submitted for vote. *State ex rel. Hamilton v. Clinton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 556, 559, 621 N.E.2d 391.

{¶ 18} Relators claim that because the petition summary contains the same two inaccuracies as the resolution itself, the resolution may not be submitted to the electorate.

{¶ 19} Relators' claim lacks merit. "Inclusion of the full text of the amendment of the ordinance generally satisfies the 'brief summary' requirement of R.C.

519.12(H)." *O'Beirne,* 80 Ohio St.3d at 180, 685 N.E.2d 502. The referendum petition included the full text of the resolution. Although it thereby included the inaccuracies in the second whereas clause of the resolution itself, "[w]e will not penalize the township electors' attempt to exercise their right of referendum for summarizing the resolution with substantially the same wording as the resolution itself." *State ex rel. C.V. Perry & Co. v. Licking Cty. Bd. of Elections* (2002), 94 Ohio St.3d 442, 445, 764 N.E.2d 411.

{¶ 20} In *C.V. Perry,* 94 Ohio St.3d at 445, 764 N.E.2d 411, we rejected a challenge to a referendum petition's failure to specify the meaning of zoning classifications because the summary "contained the same information as the resolution it summarized." Similarly, we noted in dicta in another case that including the full text of the amendment in zoning referendum petitions generally satisfies constitutional and statutory requirements. See *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 39, 671 N.E.2d 1.

{¶ 21} The cases cited by relators are distinguishable. See, e.g., *Shelly & Sands, Inc. v. Franklin Cty. Bd. of Elections* (1984), 12 Ohio St.3d 140, 12 OBR 180, 465 N.E.2d 883; *Olen Corp. v. Franklin Cty. Bd. of Elections* (1988), 43 Ohio App.3d 189, 541 N.E.2d 80; *O'Beirne,* 80 Ohio St.3d 176, 685 N.E.2d 502. None of these cases involved a referendum petition that contained the same mistakes as the resolution being challenged. In *Shelly & Sands, Olen,* and *O'Beirne,* the referendum petitions' summaries included language not included in the resolutions. The petition summary here does not.

{¶ 22} Moreover, referendum provisions should be liberally construed to permit the exercise of the power. See, e.g., *State ex rel. Rose v. Lorain Cty. Bd. of Elections* (2000), 90 Ohio St.3d 229, 230–231, 736 N.E.2d 886 (applying liberal-construction rule for initiative and referendum powers reserved to people of municipalities to township electors).

{¶ 23} Relators suggest that a referendum summary must be more accurate than the resolution being summarized. Relators apparently believe that the language in the resolution is sufficient for it to be effective concerning their requested zoning amendment, but when the same language is used by referendum petitioners, it is insufficient to submit the amendment to the electorate. We will not permit this absurd result. See *State ex rel. Webb v. Bliss,* 99 Ohio St.3d 166, 2003-Ohio-3049, 789 N.E.2d 1102, ¶ 22.

{¶ 24} Similarly, relators erroneously claim that denying their request for a writ of prohibition will permit "rezoning of private property that is not the subject of a rezoning request of the property owner" or "rezoning by inaccuracy." The referendum petitioners seek to *prevent* the requested rezoning. If they are successful, there will be no rezoning. Consequently, any *erroneous rezoning*

would have been caused by inaccuracies in the resolution relators seek to uphold rather than the referendum challenging that resolution.

{¶ 25} Based on the foregoing, the board and its members neither abused their discretion nor clearly disregarded R.C. 519.12 by denying relators' protests and submitting the township zoning amendment to the electorate at the November 4, 2003 election. The action by the board and its commissioners to submit the resolution to the electorate at the November 4, 2003 election was neither unreasonable, arbitrary, nor unconscionable. Therefore, we deny the writ. By so holding, we need not address respondents' other claims, i.e., laches and failure to comply with S.Ct.Prac.R. X(4)(B).

Writ denied.

Moyer, C.J., Resnick, F.E. Sweeney, Pfeifer, Lundberg Stratton, O'Connor and O'Donnell, JJ., concur.

———————

Alan L. Melamed and Donald J. McTigue, for relators.

Dean Holman, Medina County Prosecuting Attorney, and William L. Thorne, Assistant Prosecuting Attorney, for respondents.