[Cite as *Mercer Dev., L.P. v. Mercer Cty. Bd. of Elections*, 2010-Ohio-4071.]

## IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### MERCER COUNTY

MERCER DEVELOPMENT LP,

    PLAINTIFF-APPELLANT,          CASE NO.  10-10-08

    v.

MERCER COUNTY
BOARD OF ELECTIONS,              O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Mercer County Common Pleas Court
Trial Court No. 10-CIV-034

**Judgment Affirmed**

**Date of Decision:  August 30, 2010**

APPEARANCES:

    *James A. Tesno*  for Appellant

    *Andrew J. Hinders*  for Appellee

**WILLAMOWSKI, P.J.**

{¶1} Appellant Mercer Development, L.P. ("Appellant") brings this appeal from the judgment of the Court of Common Pleas of Mercer County permitting the zoning petitions to be placed on the ballot. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5). For the reasons set forth below, the judgment is affirmed.

{¶2} On August 25, Appellant submitted two applications for a change of zoning to the Franklin Township Zoning Inspector. The first application wanted to change the zoning designation from R-2 to RC for a 34.2 acre tract. The second application was to change the zoning designation from R-2 to R-3 for approximately 18.8 acres in the township. On September 8, 2009, a hearing was held on the applications, and each was considered separately. The first application passed by a vote of 3-1 and the second passed by a vote of 4-0. The changes were then forwarded to the Franklin Township Trustees for review. The hearing on the changes was held on November 18, 2009. At that meeting, the changes were passed by separate resolution with votes of 3-0 on both.

{¶3} On December 16, 2009, a referendum petition consisting of nine pages of signatures was filed with the Mercer County Board of Elections ("Appellee"). Appellant filed its notice of protest to the petition on January 19,

2010. A hearing on the protest was held on February 10, 2010. Appellee, by a vote of 3-1, rejected Appellant's protest. On February 18, 2010, Appellant filed an administrative appeal. By agreement of the parties, no hearing was held and the appeal proceeded on the filings alone. On March 23, 2010, the Court of Common Pleas of Mercer County entered judgment affirming the decision of Appellee to allow the referendum petition on the ballot. Appellant appeals from this decision and raises the following assignments of error.

### First Assignment of Error

**[Appellee] erred in not eliminating from count all signatures on the page of zoning referendum petition when the circulator of that page also signed that page as a petitioner.**

### Second Assignment of Error

**[Appellee] erred in not eliminating from count all signatures on every page submitted by a circulator where that circulator had permitted a person to sign another's name to one of the pages submitted.**

### Third Assignment of Error

**Where two separate zoning amendments are combined into one issue on a zoning referendum petition, [Appellee] should reject the petition as misleading, inaccurate and contains (sic) material omissions.**

The Ohio Constitution provides for liberal construction of provisions for referendums. See *S.I. Dev. & Const., L.L.C., et al. v. Medina Cty. Bd. Of Elections, et al.*, 100 Ohio St.3d 272, 2003-Ohio-5791, 798 N.E.2d 587 and

Case No. 10-10-08

*Stutzman v. Madison Cty. Bd. Of Elections*, 93 Ohio St.3d 511, 2001-Ohio-1624, 757 N.E.2d 297.

{¶4} In the first assignment of error, Appellant alleges that when the circulator signs a petition as well, all of the signatures on that page should be deemed as invalid. The Appellee was required to "[r]eview, examine, and certify the sufficiency and validity of petitions and nomination papers, and, after certification, return to the secretary of state all petitions and nomination papers that the secretary of state forwarded to the board. R.C. 3501.11(K). The Secretary of State is responsible for advising boards of election as to how to perform their duties. R.C. 3501.05. Pursuant to this statute, the Secretary of State issued a directive informing the boards of election how to review petitions. "Please note that if a circulator signed his or her own part petition just the circulator's signature is invalid as a signer of the petition." Directive 2010-01, Ohio Secretary of State. In this case, Appellee deemed invalid the circulator's signature, but did not invalidate the others on the page. This procedure was in conformance with the directive and is thus not an abuse of discretion. The first assignment of error is overruled.

{¶5} The second assignment of error alleges that if one petition page is invalidated, all pages by that circulator should be invalidated. "In a petition for a referendum of a township zoning-amendment resolution, a part or part-petition

refs to each petition circulated for signatures and includes the name and number of the proposed zoning amendment, a summary of the amendment, a request to submit the amendment to the township electors at an election, spaces for elector signatures, and a statement of an elector circulating the part-petition." *State ex rel. Gemienhardt v. Delaware Cty. Bd. Of Elections*, 109 Ohio St.3d 212, 2006-Ohio-1666, 846 N.E.2d 1223, ¶34. Each part-petition is individually evaluated. R.C. 3501.38.

> **An individual is not permitted to sign a name other than his or her own name to a petition, *except* when the individual who signed the name of another elector did so as the elector's duly appointed attorney in fact in accordance with R.C. 3501.382 (R.C. 3501.38(D))[.] If a board of elections determines that an individual who is not a duly-appointed attorney in fact signed the name of another elector, that signature must be rejected by the board of elections. Also, if the board determines that the circulator *knowingly* permitted an individual other than a duly-appointed attorney in fact to sign a name other than his/her own name to a petition, the board must invalidate the *entire* part petition. (R.C. 3501.38(F)).**

Directive 2010-01, Ohio Secretary of State. The directive does not require the board to invalidate every part-petition circulated by that circulator. Additionally, the Ohio Supreme Court has held that prior fraud by a circulator does not support a conclusion that all petition papers signed by that circulator are fraudulent. *State ex rel. Hinkle v. Franklin Cty. Bd. Of Elections* (1991), 62 Ohio St.3d 145, 580 N.E.2d 767. The court held that the court's function was not to conduct an independent evaluation of the petition papers, but rather to determine whether the

board of elections disregarded the law when making its decision. Id. This court notes that Appellant has not provided any legal basis for its argument as to why all of the petition papers signed by one circulator should be invalidated when only one of them has evidence of fraud. The evidence showed that all of the signatures on the other pages were found to be legitimate and that there was no reason for invalidating those part petitions. Given this evidence, there is no abuse of discretion in validating those signatures. The second assignment of error is overruled.

{¶6} Finally, Appellant claims that the wording of the petition was inappropriate because it consolidated two separate zoning resolutions into one petition.

> **R.C. 519.12(H) requires that each part of a petition seeking a referendum on a township zoning amendment shall contain "a brief summary of its contents." "The phrase 'brief summary of its contents' refers to the zoning resolution passed by the township trustees." State ex rel O'Beirne v. Geauga Cty. Bd. of Elections (1997), 80 Ohio St.3d 176, 179, 685 N.E.2d 502. "The summary must be accurate and unambiguous; otherwise, the petition is invalid \*175 and the subject resolution will not be submitted for vote." S.I. Dev. & Constr., L.L.C. v. Medina Cty. Bd. of Elections, 100 Ohio St.3d 272, 2003-Ohio-5791, 798 N.E.2d 587, ¶ 17.**

*State ex rel. Columbia Reserve Ltd. v. Lorain County Bd. of Elections*, 111 Ohio St.3d 167, 2006-Ohio-5019, ¶38, 855 N.E.2d 815. When a referendum petition's summary of a resolution contains substantially the same wording as the

resolution, it substantially complies with the brief summary requirement.  Id. at

¶39.

> **{¶7}** Here, the resolutions stated as follows.
>
> **1.    Ronald J. Niekamp moved to approve a change of zoning from R-2 medium Density Residential to R-3 High Density Residential for 2 parcels containing 18.8 acres; properties are located in Section 24, T6S, R4E, Franklin Township, Mercer County, Ohio and located between Behm Road and the Big Chickasaw Creek and Thomas N. Rose seconded the motion. * * ***
>
> **2.    Ronald J. Niekamp moved and Thomas N. Rose seconded the motion to approve a change of zoning from R-2 Medium Density Residential to RC Resort Commercial for a parcel containing 34.2 acres; properties are located in Section 24, T6S, R4E, Franklin Township, Mercer County, Ohio and located between Behm Road and the Big Chickasaw Creek.**

Nov. 18, 2009, Minutes of Franklin Township Meeting.  The brief summary states

as follows.

> **A proposal to amend the zoning map of the unincorporated area of Franklin Township, Mercer County, Ohio, adopted November 18, 2009 to rezone property owned by Mercer Development of approximately 18.8 acres from Medium-Density Residential District (R-2) to High-Density Residential District (R-3), and of approximately 34.2 acres from Medium-Density Residential District (R-2) to Resort Commercial District (RC). The properties are located in Section 24, T6S, R4E, Franklin Township, Mercer County, Ohio, and located between Behm Road and the Big Chickasaw Creek.**

Petition for Township Zoning Referendum.  Although the petition combined both

resolutions into one referendum, the language of the petition was substantially the

same as that in the resolutions. Appellant argues that by combining the two resolutions into one, the petition became ambiguous because a voter may agree/disagree with only one of the resolutions, not both. However, Appellant has not provided any legal authority as to why the two resolutions cannot be combined into one petition for referendum. This court sees no legal basis for precluding the combination of two resolutions. The mere fact that the resolutions were combined does not make the brief summary inaccurate, confusing, or ambiguous. If the voter does not agree with the entire petition, they are free to vote against it. Thus, Appellee did not abuse its discretion in approving the petition. The third assignment is overruled.

{¶8} Since Appellant followed the directives of the Secretary of State in making its decision, the judgments reached are not unreasonable, arbitrary or capricious and the trial court did not err in determining that Appellant did not abuse its discretion. Accordingly, for the aforementioned reasons, it is the order of this Court that the Judgment Entry of the Court of Common Pleas of Mercer County be, and hereby is, affirmed.

*Judgment Affirmed*

**PRESTON, J. concurs.**

**/jlr**

**ROGERS, J., concurring in part, dissenting in part.**

{¶9}  I concur with the majority in its analysis and result reached in the first two assignments of error, but I respectfully dissent regarding its disposition of assignment of error number three.

{¶10} As stated in the majority opinion, R.C. 519.12(H)'s mandate that a referendum petition on a township zoning amendment contain a brief summary of the zoning amendment resolution's contents specifically requires that the summary be "'accurate and unambiguous.'"  *State ex rel. Columbia Res. Ltd.*, 111 Ohio St.3d 167, at ¶38, quoting *S.I. Dev. and Constr., LLC*, 100 Ohio St.3d 272, at ¶17. Specifically, the "purpose of requiring a summary is 'to present fairly and accurately the question or issue to be decided in order to assure a free, intelligent and informed decision by the persons to whom it is presented.'"  *State ex rel. Hamilton v. Clinton Cty. Bd. of Elections* (1993), 67 Ohio St.3d 556, 559, quoting *Nunneker v. Murdock* (1983), 9 Ohio App.3d 73, 77.  Furthermore, "[i]f the summary is misleading, inaccurate, or contains material omissions which would confuse the average person, the petition is invalid and may not form the basis for submission to a vote."  *Shelly and Sands, Inc. v. Franklin Cty. Bd. of Elections* (1984), 12 Ohio St.3d 140, 141, citing *Markus v. Bd. of Elections* (1970), 22 Ohio St.2d 197.

{¶11} In reviewing the language contained within the petition, the wording substantially follows that of the two separate zoning resolutions. However, the combining of the two resolutions into one petition prevents voters from deciding on each resolution separately. For example, some voters may feel compelled to vote for the petition, despite the fact that they disagree with one of the resolutions, solely on the basis that they desire to approve the other resolution and see no other alternative to accomplishing that goal. In order for a voter to be able to make a "free, intelligent and informed decision," and for the petition to "fairly and accurately" present the resolutions for a vote, I would find that each resolution must be presented in a separate petition.

{¶12} Furthermore, I would find that the combining of two resolutions in one referendum petition is contrary to law. R.C. 519.12(H) provides no authority for combining two resolutions in one referendum petition, and the Appellee has cited none.

{¶13} The statute provides, in pertinent, part as follows:

**The proposed amendment, if adopted by the board, shall become effective in thirty days after the date of its adoption, unless, within thirty days after the adoption, there is presented to the board of township trustees a petition * * * requesting the board of township trustees to submit the amendment to the electors of that area for approval or rejection * * * . Each part of this petition shall contain the number and the full and correct title, if any, of the zoning amendment resolution, motion, or application, furnishing the name by which the amendment is known and a brief summary of its contents.**

R.C. 519.12(H).

**{¶14}** The statute speaks in terms of a single amendment and a single resolution, referring to *the* amendment in the singular, and *the* zoning amendment resolution in the singular. I would find that combining multiple resolutions in one petition violates the language and intent of the statute, and would reverse the decision of the trial court.

**/jlr**